ROGERS, J.
It appears from the application and return herein that relator was charged before the criminal district court for the parish of Orleans with the offense of receiving and having in his possession stolen property; that the case was originally allotted to section A of said court, wherein defendant was arraigned and pleaded not .guilty, and from that section was, upon motion of defendant transferred to section O of the same court, the judges of both of said sections consenting; that, subsequently,upon the motion of the prosecuting attorney, the case was retransferred from section 0 to section A, with the consent alone of the judge of section A, the judge of section 0 being absent from the parish at the time; that while pending in section C the assistant district attorney prosecuting in said section indorsed upon the bill of information the following letters, “N. P. R. P. W.,” signing his name thereto, but without setting forth the date thereof; that the said case, after said re-transfer, was then fixed for trial in section A by the assistant district attorney in charge of the prosecutions in said section; that, when said case was called for trial, relator appeared in open court, assisted by his counsel/ and filed a motion calling upon the state to show cause why the case should not be sent ba<jk to section 0 of the criminal district court, or, in the alternative, why the prosecution against relator upon said bill of information should not be dismissed and he be discharged of said information; that the said motion was overruled by the court, to which ruling relator objected reserving a bill of exception thereto, and, proper notice thereof having been given to said court, relator has applied to this court for writs of certiorari, mandamus, and prohibition.
Relator contends that the words and letters indorsed upon the information, namely, “N. P. R. P. W. Thos. Y. Craven, Asst. Dist. Atty.,” constitute a nolle prosequi, and that the retransfer from section C of the criminal district court for the parish of Orleans to section A of the same court was unauthorized and illegal, because (1) it was in contravention of section 3 of rule 13 of the Rules of said Criminal District Court, in that it was effected without the approval or consent of the judge of section C, and (2) the cause having been nolle prosequied in section O, the prosecution was terminated upon said bill of information, and therefore there was no cause pending against relator in section A at- the time the order of the judge of that section retransferring the case was rendered, and that said order of retransfer was coram non judice.
[1] The amendment of section 3 of rule 13 of the Rules of the said Criminal District Court reads:
“Any case of any class whatsoever may be transferred, as often as may be necessary for the proper expedition of the business of the court, upon motion of either the state or the defendant, from one section of the court to another, provided only that the judge of the section of the court to which the case is transferred consents thereto.”
It appears from the clear and unambiguous language of the rule itself that the only formality necessary for the transfer of a case from one section of the criminal district court to another section of the same court is a motion either of the state or of the defendant, and the consent of the judge of the section to which the transfer is sought to be made. The transfer, therefore, of the present case from section O to section A upon *489 the motion of the state’s attorney, with the consent of the judge of section A, was within the express terms of the rule, and was perfectly regular and legal.
[2] Relator contends that the indorsement of the letters “N. P. R. P. W.” upon the information, followed by the name of the prosecuting attorney, constitutes a nolle prosequi of the charge against him. • Not so. While, doubtless, it was the intention of the assistant district attorney in charge of the prosecutions in section C to nolle prosequi the case, said intention was never actually carried out as no motion, either orally or in writing, was ever made in court to enter the intended nolle prosequi.
The letters “N. P. R. P. W.,” which are explained as meaning “nolle prosequied, request of prosecuting witness,” do not constitute a record, but are merely in the nature of a private memorandum for the use and convenience of the state’s attorney, and their indorsement on the bill of information did not operate as a dismissal of the case.
[3] Counsel for relator, in his application, cites a number of cases in support of his contentions. These authorities are not applicable, however, to the case at'bar. They are to the effect that the prosecuting attorney may, at any -time before actual jeopardy has begun, enter a nolle prosequi without the consent of the court or of the accused. The question presented by this application is not whether the prosecuting officer had the right to enter a nolle prosequi, but whether, in point of fact, he did enter it in accordance with law. We find he did not. The proceeding to become effective must be coram judice; and, while the consent of the court may not be necessary, it must transpire, at least, with the cognizance of the court. It must be inscribed in the minutes which are the records of the court,' and in which no entry can be made without the knowledge of the judge. Statham v. State, 41 Ga. 507.
For the reasons assigned, it is ordered, adjudged, and decreed that the rule nisi issued herein be recalled, and that the application of relator be denied at his1 cost.