O’NIELL, C. J.
 

 The defendants have appealed from a conviction and sentence for the crime of robbery, and rely upon two bills of exception.
 

 In their first bill they complain of the fact that the case was transferred from section E, to which it -was originally allotted, to section C, of the criminal district court. The transfer was made on the motion of the assistant district attorney, and on his averring and showing that the judge presiding in section E was absent, on vacation, and would not return to his duties for nearly two months, and that the defendants had been in jail, awaiting trial, for four months. The order of transfer was signed by the judge presiding over Section A, who is the sénior and presiding member of the court, and who was acting for and in the absence of the judge who presided over section E. The order was signed also by the judge presiding in section O of the court. When the ease was called for trial in section C, the defendants moved to rescind the order of transfer, and pleaded to the jurisdiction of section O of the court, on the ground that the transfer of the case was violative of section 86 of article 7 of the Constitution, and section 3 of rule 13 of the Rules of the Court, and that the order of transfer was issued ex parte, and without notice to the defendants, and without Sufficient reason or cause. The judge refused to rescind the order of transfer, and overruled the plea *to the jurisdiction; and' the bill of exceptions No. 1 was reserved to-the ruling.
 

 Section 86 of article 7 of the Constitution declares that all cases in the criminal' district court for the parish of Orleans shall be allotted equally and by classes among the judges of the court, and that each judge shall have exclusive control over every case allotted to him from its inception until it is finally disposed of by the court; provided, however, that the court shall have authority to provide by rule for the exercise of jurisdiction by' any judge over any case previously allotted. By the third section of rule 13 of the court it is provided that any case of any class may be transferred from one section of the court to another, as often as may be necessary for the proper expedition of the business of the court, on motion of either the state or the defendant, and with the consent of the judge of the section from which, and the judge of the section to which, the case is transferred. The transfer of this ease from one section of the court to another was, therefore, not only not violative of, but expressly authorized by, the rule of the court, adopted pursuant to the provisions of the Constitution, on the subject. State v. Dolberger, 153 La. 486, 96 So. 41; State v. Bailey, 165 La. 341, 115 So. 613. The showing made was a sufficient showing that the transfer of the case was-“for the proper expedition of the business'
 
 *286
 
 of the court,” and .the ex parte order, signed by the judge serving in the section of the court from which, and the judge presiding in the section to which, the case was transferred, wag all that was necessary to effect the transfer. It is argued in the brief of counsel for appellants that the judge presiding over section A, even though he was the senior and presiding judge of the court, was not authorized to sign the order of transfer for and in the absence of the judge who presided over section E, from which the case was transferred. No such objection was made, specifically, to the order of transfer, in the court below. In answer to the argument made in this court, it is said by the district attorney that it is not only the custom, but that the custom is supported by a rule of the court below, for the judge presiding over section A, who is the senior and presiding judge of the court, to act for and sign orders for any judge who is absent on vacation. Inasmuch as there was no specific complaint of that in the court below, we assume that there was either a rule of court or an established custom authorizing the senior and presiding member of the court to sign orders in cases allotted to a Section from which the presiding judge was absent on vacation. Some such rule was absolutely necessary for the proper functioning of the court. We find no merit, therefore, in the defendants’ first bill of exceptions.
 

 The second bill relates to an argument made by the assistant district attorney in his closing address to the jury. The defendants’ attorney had argued that a certain witness named Hunter, who had testified as an eyewitness for the 'State, was not in a position to see or hear what happened in the room where the crime was said to have been committed. The assistant district attorney, answering the argument, referred to the fact that the witness had admitted on the witness stand that he had signed a written Statement of the crime on the night it was committed, and that his testimony was in accord with that statement ;• and so the assistant district attorney argued to the jury that the defendants’ attorney might have inquired into the statement made by the witness, Hunter, on the night of the crime, if the attorney doubted that Hunter was in a position to see and hear what happened in the room where the crime was said to have been committed. The written statement which Hunter signed on the night of the crime was not introduced in evidence, because the defendants’ attorney objected to its being introduced; but no objection was made to the- statement of the witness that the testimony which he was then giving was the same that was given in his written statement on the night of the crime. There was therefore no harm in the reference made in the argument of the assistant district attorney to the fact that the witness, Hunter, had testified that the testimony which he gave on the trial was the same as that which he had given in a written -statement to the police on the night of the crime.
 

 The verdict and sentence against each defendant are affirmed.