*W. Inman Curry, solicitor,* contra.

---

## CLEMENTS *et al.* v. WILKERSON *et al.*

## CLEMENTS *et al. v.* ANDERSON *et al.*

Where exception was taken to a refusal of an injunction to prevent the holding of an election, but no supersedeas was obtained and the election was duly and regularly held, the bill of exceptions thereafter certified and filed presented a moot question not for decision on writ of error.

Nos. 2341, 2345. APRIL 16, 1921.

Petitions for injunction. Before Judge Dickerson. Berrien superior court. November 29, 1920.

*R. A. Hendricks,* for plaintiffs. *J. P. Knight,* for defendants.

FISH, C. J. A petition to enjoin certain election managers of Berrien County from holding the first election for county officers of the newly created County of Lanier was brought by a number of citizens and taxpayers of Berrien county, a portion of which formed a part of the new county. In accordance with the constitutional amendment creating the County of Lanier, the election for officers of that county was to be held on the first Wednesday in December, 1920, which was the first day of that month. An interlocutory injunction was refused by the judge, November 29, 1920. No supersedeas was granted, and the election was held, and certain persons were elected as officers of Lanier County. A bill of exceptions assigning error upon the refusal of the injunction was sued out by petitioners, which was certified by the judge on December 6, 1920, filed in the office of the clerk of the superior court on December 7, and filed in the office of the clerk of this court on December 9, 1920. There were filed in this court, on January 18, 1921, the affidavits of two of the defendants in error, the certificates of the ordinary of the County of Lanier and of the judge who refused the injunction and who certified the bill of exceptions, all dated December 13, 1920, to the effect that the election sought to be enjoined was duly and regularly held, and certain named citizens of Lanier County were elected to fill the

various county offices of such county, had received their commissions, and had duly qualified. The case was called in this court in regular order for argument on January 19, 1921, and was argued orally on that date by counsel for the plaintiffs and submitted on brief by counsel for defendants. . There was no denial of the facts stated in the affidavits and certificates above referred to.

In view of the facts stated, the question sought to be presented for decision in this court is moot; and therefore the bill of exceptions must be dismissed.

*Writ of error dismissed.   All the Justices concur.*