SHURLEY *v.* BLACK *et al.*

HINES, J.  1.  The tender, on the day of sale and prior to the sale, to the sheriff, or to the attorney of the plaintiff in execution, of the full amount due on such process, upon condition that the sheriff or attorney transfer the execution to a third person who was furnishing the money, did not operate as a payment and discharge of the execution; and such conditional tender did not render the sale by the sheriff of property, levied upon under the execution after such tender, void.  *Aliter,* if the tender had been unconditional and in satisfaction of the process.

(*a*)  The evidence, fairly considered, shows an unconditional tender by the defendant in fi. fa. to the attorney of the plaintiff in fi. fa. before the sale, the attorney testifying that the defendant in fi. fa. made to him a tender of the full amount due on the fi. fa. in payment thereof before the sale, and not testifying that the tender was accompanied with any conditions; it being the manifest purpose of the plaintiff in fi. fa. and his attorney to reject any tender of the full amount of the fi. fa. unless the defendant paid a tax fi. fa. and another fi. fa., both of which had been levied and placed in the sheriff's hands to claim the funds, the latter fi. fa. having issued on a judgment for a debt secured by a deed to the property levied upon, which the plaintiff in fi. fa. had to redeem before he could levy upon this property.  For this reason we are of the opinion that the court erred in not temporarily restraining the defendants from interfering with the possession of the plaintiff in this case.

(*b*)  Without express authority a sheriff can not transfer a fi. fa. in his hands for collection. *Hardwick* v. *Cash*, 140 *Ga.* 608 (79 S. E. 532).

(*c*)  While an attorney of record may transfer an execution subject to the ratification of the plaintiff therein (Civil Code (1910), § 5970; *Southern Star Lightning Rod Co.* v. *Duvall*, 64 *Ga.* 262), such attorney is not required to make such transfer upon tender of the amount due on the process by a third person, or upon the tender of such amount by the defendant in fi. fa., with a request that the attorney transfer the same to another who advanced to the defendant the money with which such tender was made.

2.  Injunction will not be granted to restrain the sheriff from executing a deed to the purchaser of property, levied upon and sold by that officer, after such deed has been actually executed and delivered to the purchaser; and the court did not err in refusing to enjoin the sheriff from executing a deed to the purchaser.

(*a*)  Injunction will not be granted to restrain acts already completed. Civil Code (1910), § 5499; *Simmons* v. *Lindsay*, 144 *Ga.* 845 (88 S. E. 199).

3.  We reverse the judgment of the court below on the ground that the trial judge should have temporarily restrained the defendants from interfering with the possession of the plaintiff until the question whether she had made an unconditional tender of the full amount due on the fi. fa. before the sale has been determined, the making of such tender rendering the sale illegal and void.

*Judgment reversed. All the Justices concur.*

No. 3769.  OCTOBER 13, 1923.

Petition for injunction. Before Judge Mathews. Crawford superior court. April 17, 1923.

Mrs. S. R. Shurley filed her petition for injunction and cancellation against T. R. Giles, sheriff of Crawford County, and E. T. Black, and made this case: She is the owner of a certain tract of land fully described in the petition. At the March term, 1922, of Crawford superior court, Black obtained a judgment against her, J. E. Shurley, Eugene Shurley, and W. A. Shurley; upon which execution issued. The sheriff levied said execution and advertised said tract of land for sale on the first Tuesday in April, 1923. The land and improvements thereon are worth approximately $2000. The total amount due on the execution, including principal, interest, attorney's fees, and costs, does not exceed $235. K. P. Lowe is the attorney of Black in obtaining said judgment. On the first Tuesday in April, 1923, and before the legal hours of sale, petitioner, through her agent, R. O. Perkins, and in person offered to pay off said execution in full, tendering to the sheriff the sum of $235 in lawful currency, and requested that said execution be

transferred to Homer Beeland, who had furnished the money to pay off the same. Petitioner and her agent made a like tender to the attorney of Black, with a like request. She still tenders and stands ready to pay said sum. The sheriff refused to accept payment of said execution, stating he had no authority to do so or to transfer the same, and that it would be up to Mr. Lowe who was representing Black. Said attorney also refused to accept payment of said execution. The sheriff afterwards sold said property under said execution, and it was knocked off to Black for the sum of eight hundred and some odd dollars. The levy of said fi. fa., which amounted to approximately $235, was excessive. The levy and sale thereunder were therefore void and did not pass title. Petitioner had the right to pay off the execution, as she offered to do. Said offer was not made on the condition that the execution should be transferred, but she had the right to have it transferred. One Parks, the purchaser's agent, with the sheriff, appeared at her residence on the afternoon of the day of said pretended sale, demanded possession, and notified her to vacate said premises. Parks was present when said tenders were made, and knew they were made, and that a sufficient amount in lawful currency was laid down before the sheriff and the attorney of plaintiff in fi. fa., with the request that they take said money to pay off said fi. fa. She prayed that the sheriff and Black be restrained from interfering with her possession of said premises, that the sale be declared void and set aside, that the sheriff be restrained from executing a deed to the purchaser, unless he had already done so, and if he had, that said Black or whomever the deed was made to be required to come into court and said deed be canceled. The petition was duly verified. By an amendment plaintiff alleged she made an unconditional tender in lawful currency in the sum of $235 in payment of said execution, which was refused by the sheriff and attorney for plaintiff in fi. fa.; and that this tender was made prior to the alleged sale on April 3, 1923. This amendment was duly verified.

The sheriff and Black, in answer to the petition, alleged that subsequently to the levy of said fi. fa. there was levied upon this land a certain tax fi. fa. and a certain mortgage fi. fa., the latter belonging to Black as transferee and issued upon a debt secured by a deed to this land, which Black had paid off and taken up. They denied that the land was worth approximately $2000, but

alleged it was not worth more than the amount bid therefor by Black. They admitted the total amount due on the fi. fa. did not exceed $235, but alleged that there were other liens in the hands of the sheriff for larger amounts. They admitted that Lowe was the attorney for the plaintiff in fi. fa. They alleged that plaintiff only offered to pay off the fi. fa. in favor of Black, and did not offer to pay off the other liens; that said tender was not one recognized by law; that at no time did the agent of petitioner or herself make to the attorney for plaintiff in fi. fa. any legal tender of the amount due thereon; that they refused to accept said money and transfer said execution to Homer Beeland, which refusal was based on lack of proper tender and the existence of other liens on the property in the hands of the sheriff, levied and claiming the funds to be raised from the sale of said property. Immediately after the sale, the sheriff executed and delivered to Black a deed to said property for a consideration of $800, and put the purchaser's agent in possession thereof. The possession of plaintiff was permissive, under definite understanding that she would vacate the premises upon notice from the purchaser. The answer was duly verified.

The petition as amended was introduced in evidence as an affidavit. R. O. Perkins, for plaintiff, deposed that, acting on instructions of Homer Beeland and as agent of petitioner, he tendered to the sheriff $235 with the request that he transfer said execution to Beeland, which was refused by the sheriff with the statement that he would not accept it. He then tendered said sum to the attorney of Black, with a like request, which was refused with the statement that the attorney would not accept it unless all the claims held by Black against the plaintiff were paid, which amounted to approximately $800. He then turned over the $235 to plaintiff, and she tendered the same to the sheriff, which he refused to accept. She then tendered the same to the attorney of Black, asking him to accept same and pay off the execution; and he refused to accept it unless full payment was made of all claims held by Black against plaintiff. K. P. Lowe, by affidavit, deposed that Perkins tendered a package of money in payment of said execution, on the condition that it be transferred to Beeland: that he refused to accept the tender unless all the claims held by Black against Mrs. Shurley were paid; that plaintiff then tendered a

package of money, asking him to accept same in payment of said execution; that if she tendered it without condition, he did not hear it, while she might have said that. The sheriff deposed that Perkins offered to pay him the amount of said execution, tendering a package of money, and asked that the execution be transferred to Black. He refused the tender, stating he had no authority to accept any money, and instructing Perkins to see Lowe. Thereafter plaintiff tendered him a package of money in payment of said execution, which he understood to be on the same condition. He refused to accept it, and told her there was no use tendering it to him. Parks deposed that he was present on the first Tuesday in April, 1923, and saw Perkins with a package of money; heard all that was said in connection with the transactions above referred to; all tenders were made on condition that the execution be transferred to Homer Beeland; witness was Black's agent, and had authority to act for him; he directed the sheriff and Lowe not to accept payment of that execution unless all other claims Black held against Mrs. Shurley were paid. After said tenders were made the sheriff offered the land for sale, and witness bid same in for $800, and the sheriff on the day of the sale put him in possession as agent for Black. The answer of the defendants, the material portions of which are set out above, was introduced in evidence. It was admitted that there were valid liens upon the land prior in rank to the execution levied, which, with said execution, amounted to more than $800.

The trial judge declined to grant an injunction, on the ground that there was no unconditional tender of the amount due on the fi. fa. prior to the sheriff's sale, that the levy was not excessive, and that no valid legal or equitable reason existed why the court should enjoin the purchaser from continuing in possession of the land in question, he having been put in possession by the sheriff prior to the grant of the restraining order. To this judgment the plaintiff excepted.

*Homer Beeland,* for plaintiff.

*K. P. Lowe* and *LeSueur & LeSueur* for defendants.