## WALDRON *v.* CITY OF ATLANTA *et al.*

No. 6436. JANUARY 15, 1929.

*W. Paul Carpenter* and *Aldine & Hewitt W. Chambers,* for plaintiff.

*J. L. Mayson, C. S. Winn,* and *Troutman & Troutman,* for defendants.

RUSSELL, C. J. Shortly after the argument of this case in this court the defendants filed a motion to dismiss the writ of error. The motion was based upon the ground that the questions involved in the bill of exceptions had become moot, by reason of the fact that the plaintiff did not obtain a supersedeas, and that the work of lowering the railroad-tracks, which the plaintiff sought to enjoin, had been completed by the Brooks-Calloway Company and paid for by the City of Atlanta, and consquently the plaintiff could not possibly derive any benefit from a reversal of the judgment. In answer to the rule nisi served upon the plaintiff to show cause why the bill of exceptions should not be dismissed, it is insisted that many vital questions are involved in the petition, besides the grant of an interlocutory injunction restraining the Brooks-Calloway

Company from lowering the tracks of the railroad companies beneath the proposed viaducts on Pryor Street and Central Avenue in the City of Atlanta. It is averred that the mere fact that the contract attacked has been completed does not furnish ground for the dismissal of the bill of exceptions, for the following among other reasons: The illegality of the contract was set up in the pleadings, and the charge made that many acts of the city authorities as well as some acts of the construction company were illegal; that the bids were not opened in the manner provided by the ordinance; that a scale of wages was not attached to the bid; that Fulton County was illegally appropriating money to be used by the city, and the Georgia Power Company was buying certain rights from the city in an illegal manner and without adequate consideration.

We have submitted the motion to dismiss and the response to very careful and painstaking investigation. It appears that the complaints to which we have just referred are all fully set forth in the petition and explained or denied with equal fullness in the answer. It is possible that the learned trial judge would have granted the interlocutory injunction prayed for, upon the grounds set forth in some of the allegations of the petition as to the acts of the city in connection with the county authorities of Fulton County or the officers of the Georgia Power Company, had either the county commissioners of Fulton County or the Georgia Power Company been parties to the proceeding. There was no prayer for process except as to the City of Atlanta and the Brooks-Calloway Company. Consequently no judgment of the court would affect or bind any other parties than these. In the state of the pleadings no question was involved except that of granting or refusing an interlocutory injunction as prayed, which related only to the contract between the City of Atlanta and the construction company for the lowering of certain railroad-tracks. It is plain from the motion to dismiss that the only question before the court below was moot on May 8, 1928, and there is no denial in the answer that the work was completed at that time. The dismissal of the writ of error has the result of affirming the judgment of the trial court in refusing an interlocutory injunction in the specific matter to which it appertained, and the questions referred to by the plaintiff in his response to the motion to dismiss, as to how far the railroads are

liable for the payment for bridges over their tracks, as to the alleged violation of the ordinance requiring bids to be opened in a specified manner, as to the right of the county commissioners to pay $500,000 towards the cost of constructing the viaducts, and as to the validity of the contract between the Georgia Power Company and the City of Atlanta, while they may perhaps be raised hereafter under the petition of this plaintiff or others, are not now material in a determination of the single question presented as to whether the trial judge erred in refusing an interlocutory injunction. As above stated, this question is now moot, because the work sought to be enjoined has been completed; and the writ of error will be dismissed. *Bigham* v. *Yundt,* 158 *Ga.* 600 (123 S. E. 870), and cit.; *Gardner* v. *Jones,* 161 *Ga.* 287 (130 S. E. 680).

*Writ of error dismissed. All the Justices concur.*