PHILLIPS *v.* TYRE, tax-collector, *et al.*

No. 7976. March 13, 1931.

*R. L. Williams Jr.* and *H. J. Lawrence,* for plaintiff.
*J. P. Highsmith,* for defendants.

HINES, J. Ten tax fi. fas. against Edwards were levied upon a described tract of land as his property; and the same was advertised for sale on the first Tuesday in July, 1930, which was the first day of that month. Mrs. Phillips claimed title to said land by virtue of a deed executed by Edwards to her on October 4, 1915, to secure

an indebtedness of $400, which had not been paid. This deed was duly recorded on October 12, 1915. These tax fi. fas. were based upon tax returns made by Edwards for the years 1924, 1925, 1926, 1927, 1928, 1929, and 1930. These tax returns embraced the land levied upon and other lands of Edwards. They also embraced his personal property. Mrs. Phillips, on July 1, 1930, presented her sworn petition to the judge of the superior court, to enjoin the sale of the land embraced in her security deed under the levies of said tax fi. fas., on the grounds that the levies were excessive, and that the land embraced in her security deed was only liable for the taxes thereon, and not for the taxes upon all the property of Edwards for the years named, and that she had offered to pay the taxes upon the land embraced in her security deed. The judge, upon the facts appearing in the verified petition, and without any answer and without other evidence, denied the temporary injunction prayed for. On July 11, 1930, Mrs. Phillips sued out a bill of exceptions to review the judgment of the trial judge refusing a temporary injunction, which was filed in office July 14, 1930. From the answer of the plaintiff to the motion to dismiss the bill of exceptions the following facts appear: The land was bid off by Judge Highsmith for the sum of $500. No deed was executed to him, but on the contrary a deed was executed to the county as the purchaser of this land under said levies for the alleged consideration of $767. For this reason Mrs. Phillips contends that the sale under the tax fi. fas. and under the above bid was never completed, and that the sheriff could not make to the county a deed with the above consideration under the circumstances above narrated. The motion to dismiss the bill of exceptions is based upon the ground that it would be useless to reverse the judgment of the court below, as the sale under the levies of the tax fi. fas. had taken place before the bill of exceptions was sued out.

This court will not entertain a writ of error sued out to review a judgment refusing to enjoin a sale of land under levy, when it appears that no supersedeas of the judgment below was obtained, and that the sale sought to be enjoined has actually taken place. *Thornton* v. *Manchester Investment Co.,* 97 *Ga.* 342 (22 S. E. 987) ; *Cranston* v. *Bank of the State of Georgia,* 97 *Ga.* 406 (23 S. E. 822) ; *Bigham* v. *Yundt,* 158 *Ga.* 600 (123 S. E. 870) ; *Gardner* v. *Jones,* 161 *Ga.* 286 (130 S. E. 680) ; *Waldron* v. *Atlanta,* 167 *Ga.*

620, 622 (146 S. E. 318). It appearing that since the refusal of the injunction prayed for in the court below, no supersedeas having been applied for or granted, and before the suing out of the writ of error, the sale had taken place, the sole object of the petition being to enjoin the same, the writ of error is dismissed without prejudice to the plaintiff. *Bigham* v. *Yundt,* supra.

*Writ of error dismissed. All the Justices concur, except Russell, C. J., who dissents.*