## BLACKWELL *v*. FARRAR.

No. 17954. ARGUED SEPTEMBER 9, 1952—DECIDED NOVEMBER 13, 1952.

*Robert W. Spears, Wm. G. Grant* and *Grant, Wiggins, Grizzard & Smith,* for plaintiff in error.

*McCurdy & Candler* and *J. Robin Harris,* contra.

HAWKINS, Justice. Ordinarily injunction will not be granted to restrain acts already completed. Code, § 55-110; *Shurley v. Black,* 156 *Ga.* 683 (2a) (119 S. E. 618). The prayer of the

plaintiff in his original petition was that the defendant be enjoined "from erecting an apartment house on the lots owned by him hereinabove described and from using said lots in violation of the building restrictions thereon." The only violation set forth in the original petition was that the defendant was erecting an apartment house. Under a proper construction the additional words of the prayer, "and from using said lots in violation of the building restrictions," have reference to a violation of the building restrictions by the erection of an apartment house. Compare *Jordan* v. *Orr*, 209 *Ga.* 161 (1b) (71 S. E. 2d, 706).

It appearing that, since the refusal of the injunction in the original hearing in this case, the defendant had done all that was sought to be enjoined, no supersedeas having been granted, the trial court did not err in sustaining the defendant's objection to the plaintiff's amendment, on the ground that all issues had become moot, and in dismissing the action. However, direction is given that, before the remittitur from this court is made the judgment of the trial court, the trial judge shall add to the order dismissing the plaintiff's petition a provision that such dismissal shall be without prejudice to any other rights of the plaintiff. *Gallaher* v. *Schneider*, 110 *Ga.* 322 (35 S. E. 321); *Fletcher* v. *Harper*, 135 *Ga.* 404 (1) (69 S. E. 562); *Bigham* v. *Yundt*, 158 *Ga.* 600 (2) (123 S. E. 870); *Waldron* v. *City of Atlanta*, 167 *Ga.* 620 (146 S. E. 318); *Georgia Power Co.* v. *City of Rome*, 172 *Ga.* 14, 31 (157 S. E. 283); *Hapeville-Block Inc.* v. *Walker*, 204 *Ga.* 462 (50 S. E. 2d, 9).

The instant case, not involving a nuisance, is distinguished on its facts from *Hendricks* v. *Jackson*, 143 *Ga.* 106 (84 S. E. 440), relied on by the plaintiff.

*Judgment affirmed with direction. All the Justices concur, except Candler, J., disqualified.*