21974. JOHNSTON v. McENTYRE et al.

SUBMITTED MARCH 11, 1963—DECIDED APRIL 4, 1963.

*Fullbright & Duffey,* for plaintiff in error.

*Hugh J. Martin,* contra.

GRICE, Justice. For review is the denial of a temporary injunction against enforcement of an ordinary's judgment ordering removal of an obstruction of a private way, pending an appeal of such order.

Smiley Johnston filed in the Superior Court of Floyd County, Georgia, a petition seeking such an injunction against Charles McEntyre, and also the Sheriff and the Ordinary of Floyd County.

Upon the hearing the evidence was that which follows. McEntyre had filed his petition with the ordinary praying that an obstruction be removed from a certain roadway over lands of Johnston, and pursuant to a hearing, the ordinary issued an order directing Johnston to remove the obstruction within forty-eight hours. On December 21, 1962, Johnston filed an appeal from such judgment to the Superior Court of Floyd County, paid all costs, filed bond, and on that same date the appeal was transmitted to the superior court. Thereafter, on December 26, 1962, the ordinary issued an order directing the sheriff to remove the obstruction. On December 31, 1962, at a specified time, the sheriff's deputies, acting pursuant to the order, removed the obstruction. Later on this same day Johnston filed his petition for injunction against removal of the obstruction pending his appeal, and this petition was thereafter served upon the defendants. On the following day Johnston replaced the obstruction which the sheriff's deputies had removed.

With the foregoing evidence before him, the judge of the superior court denied the injunction and directed the sheriff to carry out the order of the ordinary. Error is assigned upon this ruling.

1. Plaintiff in error filed in this court a motion reciting that his bill of exceptions inadvertently failed to name the ordinary and the sheriff as defendants in error and praying that his bill of exceptions be so amended. His motion is granted.

2. We come now to the merits of the case. Johnston's contention is that upon the appeal being effected on December 21, the ordinary lost jurisdiction of the proceeding pending the appeal, and for that reason could not validly order the removal of the obstruction on December 26. On the other hand, McEntyre ad-

vances several contentions as to why the injunction was properly denied. We shall refer to only one, mootness.

The undisputed evidence is that the sheriff's deputies had already removed the obstruction in question when the petition for injunction was filed and served. It is elementary that an injunction will not be granted to restrain acts already completed. *Shurley v. Black*, 156 Ga. 683 (2a) (119 SE 618). For this reason alone denial of the injunction here was not error.

The fact that on the day after the officers removed the obstruction and the suit was filed, Johnston replaced the obstruction does not call for a different result. He could not, by his own act, avoid the mootness which had already attached.

Denial of the injunction was not erroneous.

*Judgment affirmed. All the Justices concur.*