22729. GRIFFIN v. GRANTHAM, Ordinary, et al.

MOBLEY, Justice. The petition by count 1 sought to temporarily and permanently enjoin the members of the Democratic Executive Committee of Coffee County from certifying the name of Conway Vickers as the nominee of the Democratic Party for the office of Commissioner of Roads and Revenues for District No. 3 of Coffee County, or to enjoin the ordinary from placing his name on the general election ballot as the Democratic nominee for said office to be voted on in the November 3, 1964, general election. By a second count the plaintiff sought to enjoin the ordinary from permitting electors residing outside Commissioner District No. 3 to vote for commissioner of District No. 3 or from counting the votes of any electors residing outside of said district in determining

the results of the election for commissioner in District No. 3, or in the alternative, that the ordinary be required to separately consolidate the votes of electors from District No. 3, so that such consolidation will reflect the number of votes received by persons for that office from electors residing in said commissioner district so that in the event the Act of 1960, which provided for county-wide voting on all commissioners, is declared unconstitutional, as petitioner sought by his petition to have done, the defendant can certify as the winner of the election the person who receives the majority of votes cast in Commissioner District No. 3, and that defendant be required to certify as the winner the person receiving the majority of votes cast by the electors of that district.

The trial judge after hearing sustained a motion to quash the process and service. A supersedeas to this judgment was denied by the trial court and by this court. *Held:*

It appears that since the judgment complained of was rendered, Conway Vickers has been elected Commissioner of Roads and Revenues of Coffee County from Commissioner District No. 3 in the general election held on November 3, 1964, he having received a majority of the votes cast both in Commissioner District No. 3 and on a county-wide basis over petitioner, who was a write-in candidate. Thus since all that was sought to be enjoined has been done, the case has become moot and the writ of error must be dismissed. See *Gardner v. City of Brunswick,* 197 Ga. 167, 169 (28 SE2d 135); *Blackwell v. Farrar,* 209 Ga. 420 (73 SE2d 203).

*Writ of error dismissed. All the Justices concur.*

SUBMITTED NOVEMBER 9, 1964—DECIDED NOVEMBER 19, 1964—REHEARING DENIED DECEMBER 3, 1964.

*Bloch, Hall, Groover & Hawkins, George Jordan,* for plaintiff in error.

*Ewing & Williams, Marshall Ewing, Elie Holton,* contra.