24017. WHITEHEAD et al. v. HENSON et al.

ARGUED APRIL 13, 1967—DECIDED APRIL 20, 1967—
REHEARING DENIED MAY 4, 1967.

*A. Tate Conyers,* for appellants.

*Charles M. Lokey, Harold Sheats, J. C. Murphy,* for appellees.

DUCKWORTH, Chief Justice. Upon consideration of the motion for rehearing, this opinion is substituted for the original which is withdrawn.

The motion complains because, as it contends, this court failed to consider *Columbus Mut. Life Ins. Co. v. Gullatt,* 189 Ga. 747 (8 SE2d 38); *Allied Mortgage Companies v. Gilbert,* 189 Ga. 756 (8 SE2d 45); *Gullatt v. Slaton,* 189 Ga. 758 (8 SE2d 47); *Montgomery v. Suttles,* 191 Ga. 781 (13 SE2d 781); *Suttles v. Montgomery,* 193 Ga. 128 (17 SE2d 734); *Green v. Calhoun,* 204 Ga. 550 (50 SE2d 209); and *Colvard v. Ridley,* 218 Ga. 490 (128 SE2d 732). All of these decisions have been carefully considered, but we did not cite or discuss them because we do not think any of them except the *Montgomery v. Suttles* case dealt with the decisive and controlling question here, which is, whether the arbitrators are required to disregard all other assessments for tax purposes, including a custom put in vogue by the taxing authorities of assessing at less than full value,

and make their assessments at full value, or whether they must obey their oaths to do justice and equity by considering those things and make the assessment at the amount they dictate, as was done here, even though such assessment is admittedly below the actual value. There is involved no question of the arbitrators trying to pass upon taxability, or deciding any question of law, which the above decisions hold the arbitrators cannot do. But in the *Montgomery v. Suttles* case, supra, (headnote 2a), it was held that the arbitrators have no authority to pass upon the "power of tax assessors to assume jurisdiction to put in vogue or practice a custom to tax property at less than its true value." This petition alleges that such customs were practiced by the taxing authorities and that the arbitrators conformed with this custom in arriving at their assessment. The quoted ruling was in answer to the action of the arbitrators in sustaining the assessment at 50% of value but shares of stock and other intangibles of other taxpayers were intentionally and systematically assessed at 15% of actual value. These facts were shown at the hearing. That decision sustained the contentions of the taxpayer that the arbitrators' assessment should have conformed with the custom. Indeed it was held that to deny a taxpayer the right to have his property assessed for taxation in harmony with the systematic custom of assessments, even though they be below actual value, was unconstitutional. The petition alleges that the assessment of the majority of the arbitrators has been ignored by the taxing authorities who are proceeding to attempt to collect taxes on a basis other than the arbitrators' assessment, and it prays to have their action adjudged illegal and to enjoin further action.

The taxing authorities contended that a mere recital on the paper containing the assessment that there was unanimous agreement that the market value of the property was $1,000 per front foot, constituted their assessment, and the trial court and the Court of Appeals concurred therein. This was done despite the fact that the arbitrators proceeded therein to explain their procedure whereby the majority arrived at and expressly made their assessment at $82,000. The dissenting arbitrator pursued a similar course whereby he arrived at and made his

assessment. On the face of the document no one can reasonably conclude that any of the three arbitrators intended that the mere recital that they agreed that the value of the unit facing Piedmont Avenue, tract # 10, was $1,000 per front foot, there being other tracts involved to which no reference was made, should constitute an unanimous assessment by the three arbitrators. Yet this is precisely what must be done if the judgment of the Court of Appeals is sustained.

Counsel for the taxing authorities manifest great concern about our reference to the portion of *Code Ann.* § 92-6912 which provides that a majority of the arbitrators shall fix the assessment "and said decision shall be final." The argument is that this would render the section unconstitutional. We make no ruling but merely cite the statute. We observe however that binding arbitration is not new to the law. But should we uphold counsel's contention that *Code Ann.* § 92-6912 requires the arbitrators to make assessments at actual value, despite their knowledge at the time that the taxing authorities have an established custom whereby all other property is assessed at much less than its value that would, as ruled in the *Montgomery v. Suttles* case, supra, render the statute unconstitutional since it would be clearly a denial of equal protection. What we do hold is that had these arbitrators ignored the established policy and custom and made their assessment at full value, that would have contradicted their oaths to assess according to law, justice and equity. As relates to tax law, the assessment is the amount on which the taxpayer pays taxes. To collect taxes on any other basis than the arbitrators' assessment would be contrary to law. No official except the Revenue Commissioner can be allowed to tamper with or alter that assessment.

The petition alleges a cause of action, and the Court of Appeals erred in affirming the judgment of the trial court which sustained the demurrer to the petition.

*Judgment reversed. All the Justices concur, except Frankum, J., disqualified.*