26509. GRAFTON et al. v. TURNER et al.

ARGUED MAY 10, 1971—DECIDED JULY 15, 1971.

*Douglas McDonald, Gunter & McDonald,* for appellants.

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr., Ellard & Frankum, Stephen D. Frankum, Kenyon, Gunter, Hulsey & Sims, Edgar H. Sims, Jr., Winston H. Owens,* for appellees.

ALMAND, Chief Justice. This is a suit brought by five taxpayers seeking to enjoin the Board of Tax Assessors of Stephens County from adopting property re-evaluations made. for ad valorem tax purposes. Also named as defendants were the commissioners of roads and revenues of the county.

Plaintiffs' petition alleged that the defendants employed the firm of Cole-Layer-Trumble Company to carry out a program of property valuation and equalization, and that the firm fixed market values which were not equitable and were more than the fair market values of property in the county. The petition alleged, among other matters, that a value of not less than $90 per acre was set arbitrarily for all land in the county, regardless of its use, and that comparable tracts of land were assigned várying values, even though they were similar in location, use, topography, and accessibility. The petition demanded, among other things, (1) that defendants be restrained and enjoined from accepting and adopting the new valuations proposed by Cole-Layer-Trumble; (2) that

defendants be restrained and enjoined from preparing and presenting tax bills based on the new valuations; (3) that a fair, just and equitable appraisal of property for tax purposes be made; and (4) that until a fair, just and equitable appraisal of property for tax purposes be made, the defendants be required to prepare and present tax bills based on the assessments for 1969. Plaintiffs' petition was filed on August 17, 1970.

Plaintiffs filed an amendment to their petition on August 25, 1970, in which they alleged that they had notified defendants of their intention to file suit, and that their notification was received by defendants on August 11 and 12, 1970. The amendment alleged that the defendant tax assessors, after receiving the aforementioned notification and in order to defeat plaintiffs' rights, met on August 14, 1970, and adopted the valuations set by Cole-Layer-Trumble. The amendment further alleged that the defendants notified the taxpayers of Stephens County that the new valuations had been adopted and that individual taxpayers might present complaints from August 24, 1970, to September 4, 1970, if they disagreed with the valuations. Plaintiffs asserted that the valuations adopted were not proportionate, equalized, and fair, and demanded, in addition to all relief originally sought, that defendants be restrained from proceeding with the valuations set by Cole-Layer-Trumble and adopted by the tax assessors.

On August 25, 1970, the Superior Court of Stephens County issued an ex parte temporary restraining order forbidding the defendants, (1) from proceeding with the tax program and valuations set by Cole-Layer-Trumble; (2) from hearing complaints or otherwise changing the structure of taxation in Stephens County; and (3) from preparing and presenting tax bills, setting millage rates or otherwise proceeding with the tax programs and valuations set by Cole-Layer-Trumble, until a hearing was held on September 9, 1970. Two days later, on August 27, 1970, the defendants, without notice to the plaintiffs, submitted a motion for dissolution of the order. On the same day, the court, also without notice to the plaintiffs, amended the order to permit the tax assessors to hear complaints from taxpayers, and to permit taxpayers to proceed with arbitration if they so desired.

On September 4, 1970, the defendants submitted a motion to

dismiss, or in the alternative, for judgment on the pleadings. On September 16, 1970, the court converted this motion to a motion for summary judgment, as provided by *Code Ann.* § 81A-112 (c), and set a hearing on the motion for November 30, 1970.

On September 9 and 10, 1970, a hearing was held on plaintiffs' demand for injunctive relief. After hearing evidence, the court denied the plaintiffs' demand for an injunction and dismissed the temporary restraining order issued on August 25 and amended on August 27.

On November 30 and December 11, 1970, a hearing was held on defendants' motion for summary judgment. Submitted in support of the motion were two affidavits from Ondie Kesler, prepared after the temporary restraining order was dismissed, in which Kesler showed: "That he is Tax Commissioner of Stephens County, Georgia; that as such he made up the tax digest of said county for the year 1970, and same has been approved by the State Revenue Commissioner of the State of Georgia; that the tax levy made for the year 1970 has been made by the board of commissioners of roads & revenues of said county; that all the tax notices have been mailed to taxpayers, and that taxes for the year 1970 are now due and payable."

During the hearing, the plaintiffs moved to add the tax commissioner, Kesler, as an additional defendant. The court denied plaintiffs' motion, and granted summary judgment for the defendants.

The plaintiffs assign as error by the trial court the following: (1) failure to give notice to plaintiffs before amending the temporary restraining order obtained on August 25, 1970; (2) granting defendants' motion for summary judgment; and (3) refusing plaintiffs' request to add the tax commissioner, Kesler, as a party.

■ Plaintiffs rely on *Code Ann.* § 81A-165 (b) to support their first enumeration of error. That section provides in part: "On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification, and in that event, the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require." Plaintiffs contend that, as the court amended the order without giving them notice, the amendment

was void and of no effect. It is not necessary for us to determine whether the trial court erred in amending the order without notice to the plaintiffs. If there was error, it was harmless, because the amended order did not permit anything which the plaintiffs had sought to have enjoined. The amendment allowed taxpayers to proceed with arbitration if they so desired, but they were not restrained from doing so by the original order. It further allowed the tax assessors to hear complaints from taxpayers, a procedure which plaintiffs' petition and amendment did not complain of or seek to prevent. Both procedures permitted by the amendment were of benefit primarily to taxpayers, and in any event, the defendants could not change the tax structure of Stephens County or send out tax bills based on the new valuations.

■ Plaintiffs' second enumeration of error is groundless. At the time the summary judgment was entered, every act which the plaintiffs sought to enjoin had already been completed. The valuations set by Cole-Layer-Trumble had been adopted. The tax digest for 1970 had been approved. Taxes for 1970 had been levied. Tax bills for 1970 had been sent to taxpayers. There is no indication that any of these actions were done in violation of the temporary restraining order, as amended, which was in effect from August 25 until September 10, 1970, or in violation of any other order. There being nothing left to enjoin, the trial court properly granted defendants' motion for summary judgment. *Griffin v. Grantham,* 220 Ga. 474 (139 SE2d 398); *Veal v. Riner,* 214 Ga. 539 (106 SE2d 26).

■ One of the prayers of the petitioners was that a fair, just and equitable appraisal of property for tax purposes be made. The defendants in their motion for a judgment on the pleadings urged that the taxpayers had an adequate remedy at law by arbitration as to their complaint of unequal and unfair assessment of their taxes. In *Hawes v. Conner,* 224 Ga. 567, 568 (163 SE2d 724), the plaintiffs as taxpayers sought to enjoin the county taxing authorities from assessing and collecting taxes under an alleged illegal digest. In holding that the plaintiffs had an adequate remedy at law, this court said: "The procedure for securing uniformity in the county is by *Code Ann.* § 92-6911 (Ga. L. 1937, pp. 517, 519) placed upon county tax assessors. And if their action displeases a

taxpayer, his remedy is arbitration as provided in *Code Ann.* § 92-6912 (Ga. L. 1958, p. 387). The arbitrators have authority and a duty to make their valuations uniform with other valuations. *Whitehead v. Henson*, 223 Ga. 329 (155 SE2d 391). The taxpayers in this case having failed to complain of valuations or uniformity as prescribed by law for settling such matters, and the tax digest conforming with the commissioner's direction having been approved by the commissioner, and no appeal therefrom taken as authorized by *Code Ann.* §§ 92-8426.4 (Ga. L. 1943, pp. 204, 206) and 92-8446 (Ga. L. 1937-38, Ex. Sess., pp. 77, 100; 1943, pp. 204, 206, 208), it is not now permissible for either the taxpayer or the county to attack in a court of equity either the individual assessment or the commissioner's order approving the 1967 tax digest. See *Kiker v. Morley*, 223 Ga. 736 (157 SE2d 745)." The undisputed evidence in this case is that the tax digest had been approved by the State Revenue Commissioner, and the complaints had not followed the provisions of *Code Ann.* § 92-6912. In this matter the complaining taxpayers had an adequate remedy at law.

■ Plaintiffs sought to add the tax commissioner, Kesler, as a defendant on the theory that, by making affidavits, he involved himself in the litigation and became a necessary party. This argument is without merit. By making affidavits, the tax commissioner merely attested to facts within his knowledge as a public official. Further, since everything the plaintiffs sought to enjoin had already been completed, no relief not otherwise available could be obtained by joining the tax commissioner as a defendant.

*Judgment affirmed. All the Justices concur.*