## 29010. TAYLOR v. EVANS et al.

JORDAN, Justice.

This is an appeal from the grant of a temporary injunction.

The facts as stipulated and as found by the trial court show that Carl and Wannell Taylor Evans died on March 29, 1973 and were buried in Snow Hill Cemetery in Laurens County; that surviving them as heirs and next of kin were two minor children for whom J. B. Evans, the appellee herein, is the duly appointed guardian; that on November 30, 1973, Lois Taylor, the sister of Wannell Taylor Evans, and the appellant herein, had erected a headstone and slab over the grave of Wannell Taylor Evans without the consent of the appellee Evans; that the appellee requested appellant to remove same and upon refusal filed his complaint seeking an injunction against the appellant for the continuing trespass. After the hearing on April 4, 1974, the trial court denied appellant's motion to dismiss and granted the temporary injunction. *Held:*

1. Appellant's first enumeration of error complains that the grant of a temporary injunction in this situation requires the performance of an affirmative act, removing the grave markers, and that Georgia Law prohibits this compelling of an affirmative act.

The Code Section dealing with mandatory injunctions (Code § 55-110) was expressly repealed by the Civil Practice Act of 1966 (Ga. L. 1966, p. 609 et seq., as amended by Ga. L. 1967, p. 226 et seq.). In *Cason v. Upson County Board of Health,* 227 Ga. 451 (181 SE2d 487) we stated that we were not unmindful that Code § 55-110 had been repealed by the Civil Practice Act of 1966 as amended, but at that time reserved to a future date a decision as to whether "the repeal of that code section could have the effect of changing the essential nature of injunctions." In the later case of *Atlanta Country Club v. Sanders,* 230 Ga. 146 (195 SE2d 893), we specifically held that an injunction is not void merely because it is mandatory in nature. When a trial judge is called upon to determine whether or not a temporary injunction will be granted or denied he is vested with a wide latitude of discretion, and this discretion will not be disturbed unless manifestly abused. *Davies v. Curry,* 230 Ga. 190, 192 (196 SE2d 382) and cits.; *Bales v. Duncan,* 231 Ga. 813, 814 (204 SE2d 104). Under the facts of this case the trial judge was authorized to find that the grave markers constituted

a continuing trespass and there was no abuse of discretion in granting the temporary injunction.

2. Appellant's contention that the appellee was not the proper person to bring this action is without merit. Code § 37-1003 provides that "Persons not sui juris may appear either by *guardian* or next friend or guardian ad litem appointed by the court." Appellee is the duly qualified guardian of the two minors and was the proper party to bring this action in their behalf. As to the rights of the heirs at law to the grave of an ancestor, see *Turner v. Joiner,* 77 Ga. App. 603 (1) (48 SE2d 907).

*Judgment affirmed. All the Justices concur.*

Submitted July 12, 1974 — Decided September 4, 1974.

*Thompson & Broadfoot, William L. Tribble,* for appellant.

*James v. Hilburn,* for appellees.

