### 33440. FAULKNER et al. v. GEORGIA POWER COMPANY.

HILL, Justice.

Appellants in this case, residents of Redding Road in DeKalb County, sued Georgia Power Company in an attempt to enjoin the construction and electrification of a high voltage transmission line within the right-of-way of Redding Road.[1] Appellants filed their complaint on

---

[1] Plaintiffs also complain that the high voltage transmission line is an additional servitude and is thus a taking of their property insofar as they own the

December 20, 1977, and obtained an ex parte temporary order restraining Georgia Power from "trespassing on Redding Road except under its existing servitude for the distribution of electricity over its existing lines, and from commencing any further construction of the 230,000 volt transmission line it has proposed for construction along Redding Road."

The matter came before the superior court on January 13, 1978, on the residents' prayer for temporary injunction and on Georgia Power Company's motion to dissolve the temporary restraining order and to deny preliminary injunctive relief. On January 17, 1978, the trial court granted the power company's motions and denied the residents' prayer for temporary injunction. The residents timely appealed to this court but did not seek an injunction pending appeal. Georgia Power Company proceeded to complete construction of the line. The power company has moved to dismiss this appeal as moot and the residents have conceded that the activity sought to be enjoined has been completed.[2]

In 1856, this court held that a court of equity will not, by injunction granted upon interlocutory application, direct the defendant to perform an act. *Thomas v. Hawkins,* 20 Ga. 126, 134 (2) (1856). This holding was codified in 1863 (see *Goodrich v. Ga. R. & Bkg. Co.,* 115 Ga. 340, 343-344 (41 SE 659) (1902)) as § 3145 of the Code of that year: "An injunction can only restrain, it cannot compel a party to perform an act. It may restrain until performance." The Code did not retain the limitation as to

---

underlying fee in Redding Road. This, they argue, states claims sounding in inverse condemnation, nuisance and trespass. In the order appealed from here the trial court specifically reserved for trial on the merits the question of whether the line creates an additional servitude.

[2] Thus the nature of the injunction sought has changed. The plaintiffs sought at the outset a prohibitory injunction. Since it was denied and the work has been completed, the plaintiffs now need a mandatory injunction if they are to restore the status quo to the time of the denial.

interlocutory applications.

As one consequence of this codification, a distinction developed, often difficult to discern, between prohibited mandatory injunctions and the permissible requirement of the incidental performance of an affirmative act. See *Goodrich v. Ga. R. & Bkg. Co.,* supra; *Ellis v. Campbell,* 211 Ga. 699 (1) (88 SE2d 389) (1955).

A second consequence of this codification was the development of a line of cases dismissing appeals on the ground of mootness where a temporary injunction was denied by the trial court, no supersedeas was obtained by the plaintiff and the act or work sought to be enjoined was completed pending appeal. *Waldron v. City of Atlanta,* 167 Ga. 620 (146 SE 318) (1928); *Clements v. Wilkerson,* 151 Ga. 467 (107 SE 47) (1921); *Gardner v. Jones,* 161 Ga. 286 (130 SE 680) (1925); *Ga. Power Co. v. City of Rome,* 172 Ga. 14, 31 (157 SE 283) (1931); *Blackwell v. Farrar,* 209 Ga. 420 (73 SE2d 203) (1952). These appeals were moot because at that time mandatory injunctions were not available to require completed acts or projects to be undone. *Ga. Pacific R. v. Mayor &c. of Douglasville,* 75 Ga. 828 (1) (1885); *Blackwell v. Farrar,* supra. See also *Shurley v. Black,* 156 Ga. 683 (2) (119 SE 618) (1923); *Simmons v. Lindsay,* 144 Ga. 845, 848 (88 SE 199) (1916); *Hapeville-Block, Inc. v. Walker,* 204 Ga. 462, 464 (50 SE2d 9) (1948).

In connection with the enactment of the Civil Practice Act, the present day prohibition on mandatory injunctions, Code § 55-110 (1933), was repealed (Ga. L. 1967, pp. 226, 244). We are called upon to decide whether that repeal permits the maintenance of this appeal as against a defense of mootness.

We recognize that since the repeal of Code Ann. § 55-110, mandatory permanent injunctions may issue. *DeKalb County v. McFarland,* 231 Ga. 649 (4) (203 SE2d 495) (1974). Thus it is no longer beyond the power of a superior court in a permanent[3] injunction to order

---

[3] We do not here decide under what conditions, if any, mandatory temporary injunctions, or restraining orders, may issue.

dismantling and removal of a completed project such as that at issue here. But we also recognize that where injunctive relief has been denied (and no injunction pending appeal was sought), there is no legal or equitable impediment to the act complained of being carried out. *Strickland v. Adams,* 31 Ga. 729, 730 (204 SE2d 294) (1974). The burden is on the complaining party to seek an injunction pending appeal (*Howard v. Smith,* 226 Ga. 850, 852 (178 SE2d 159) (1970); *Dennis v. City of Palmetto,* 226 Ga. 853 (178 SE2d 161) (1970)), first pursuant to Code Ann. § 81A-162 (c), and second pursuant to Code Ann. § 81A-162 (e). Code Ann. § 24-4535.

Having recognized that the bar of mootness is no longer as absolute as it once was, we deem it advisable to proceed case by case.[4] Here no injunction pending appeal was sought and the act sought to be restrained was completed during the pendency of the appeal, at considerable expense to defendant. If we were to reverse the trial judge, we would be ordering the entry of a temporary mandatory injunction requiring the line to be removed. Because on these facts equity will not require the defendant temporarily to undo what has been legitimately done, this interlocutory appeal is dismissed as moot. *Brown v. Auchmuty,* 232 Ga. 879 (209 SE2d 209) (1974).

*Appeal dismissed. All the Justices concur, except Bowles, J., who is disqualified.*

ARGUED APRIL 12, 1978 — DECIDED JUNE 28, 1978 — REHEARING DENIED JULY 21, 1978.

*Dupree & Staples, Hylton B. Dupree, Jr.,* for appellants.

*Swertfeger & Scott, L. Jack Swertfeger, Jr., Jack H. Thrasher,* for appellee.

---

[4] The effect of the repeal of Code Ann. § 55-110 was not recognized in *Cotton v. First Nat. Bank,* 235 Ga. 511 (220 SE2d 132) (1975).

622

On Motion for Rehearing.

Appellants' prayers for declaratory relief and permanent injunction have not been passed upon by the trial court and hence are not moot.

*Motion for rehearing denied.*