35266. WHEATLEY GRADING CONTRACTORS, INC. et al. v. DFT INVESTMENTS, INC.

BOWLES, Justice.

The property in dispute in this case is a narrow strip of land, formerly a road, which lies north of lands owned by appellants and appellee. Appellants, Wheatley Grading Contractors, Inc., George Wheatley, and Perry Clarke built a fence to enclose that portion of the former road which is north of their properties and obstructed the strip with trash and debris. Appellee, DFT Investments, Inc., brought suit seeking to have the obstructions removed to permit access to its property by the former road. The trial court ordered that appellants be temporarily enjoined from maintaining the fence, gate, and obstructions on the property pending trial on the merits.

We affirm.

"When a trial judge is called upon to determine whether or not a temporary injunction will be granted or denied he is vested with a wide latitude of discretion, and this discretion will not be disturbed unless manifestly abused." *Taylor v. Evans,* 232 Ga. 685 (208 SE2d 492) (1974). In view of the fact that appellee's claim to title of the strip of land is supported by a deed and appellants' claim is not, we cannot say that the trial court abused its discretion in ordering the recently placed obstructions removed.

Appellants rely on the case of *Miller v. Wells,* 235 Ga. 411 (219 SE2d 751) (1975) to support their argument that they should not have to remove the obstructions they placed. In that case, this court reversed the grant of an interlocutory injunction which, in effect, required the removal of a hedgerow because that "would require appellants to provide access where none now exists." 235 Ga. at 417. We believe that this language in *Miller* is too broad. In the case at bar, the reason no access now exists is because appellants have acted to accomplish that end. To require a landowner to await a trial on the merits to *regain* access to his land would be an intolerable imposition. Consequently, we must disapprove this broad language in *Miller.*

Even prior to the recognition of mandatory injunctions in Georgia, this court sustained the validity of injunctions which, in effect, required the removal of obstructions based on the rationale that the injunctions simply restrained a continuous trespass. See *Mosley v. Foster,* 223 Ga. 603 (157 SE2d 255) (1967) and *Lockwood v. Daniel,* 193 Ga. 122 (17 SE2d 542) (1941). In *Faulkner v. Ga. Power Co.,* 241 Ga. 618 (247 SE2d 80) (1978) we recognized that since the repeal of Code Ann. § 55-110, the superior court has the power to issue mandatory *permanent* injunctions while specifically not deciding whether mandatory *temporary* injunctions might issue. We today hold that in a proper case, a mandatory injunction[1] may issue after a temporary hearing. See

---

[1] We need no longer make the distinction between mandatory injunctions and injunctions which have the

*Taylor v. Evans,* supra, (temporary injunction granted ordering the removal of grave markers) and *Moss v. Thomson Co.,* 212 Ga. 184 (91 SE2d 485) (1956) (temporary injunction restraining erection of fence already partially erected). We believe such a rule is necessary for the reason stated above—to require a landowner to await a trial on the merits to *regain* access to his land would be an intolerable imposition.

*Judgment affirmed. All the Justices concur.*

Submitted September 17, 1979 — Decided November 6, 1979.

*John C. Bell, Jr.,* for appellants.
*Dye, Miller, Bowen & Tucker, A. Rowland Dye,* for appellee.

"incidental" effect of requiring a party to do some positive act.