46302. BURTON-BROOKS ORCHARD CORPORATION v. KEHOE.
(377 SE2d 860)

HUNT, Justice.

Burton-Brooks Orchard Corporation appeals from the trial court's grant of injunctive relief in favor of Kehoe. Burton-Brooks owns and operates an orchard and provides housing for its migrant laborers. Kehoe bought property next to the orchard operation and built a home within sight of the workers' quarters. Kehoe filed a complaint seeking damages as well as an order enjoining Burton-Brooks from allowing its employees to play loud music and to harass Kehoe and his friends. He sought also to enjoin Burton-Brooks from continuing to use the premises to house labor and as a labor camp. Following a hearing, the trial court rejected Kehoe's argument that Burton-Brooks' use of its property was illegal under applicable zoning ordinances, but found that its employees created considerable noise and used loud and abusive language directed to Kehoe. The trial court ordered Burton-Brooks and its vice president to control the employees' noise and harassing conduct so as to afford Kehoe the quiet enjoyment of his property.

Burton-Brooks' contention that the trial court was not authorized to issue a "mandatory injunction" after a temporary hearing is without merit. *Wheatley Grading v. DFT Investments*, 244 Ga. 663, 664 (261 SE2d 614)(1979). However, the trial court's order prohibiting the playing of music outside the confines of any building on Burton-Brooks' property, requiring Burton-Brooks' vice president to control, at all times, all noise and all harassing conduct at the workers' quarters, and requiring the workers to keep their voices at "moderated tones" is overbroad. It is inconceivable that *any* playing of music

outside the buildings, all noise at the workers' quarters and any talking other than that at "moderated tones," would interfere with Kehoe's quiet enjoyment of his property. See *Fairfield Corp. v. Thornton*, 258 Ga. 805 (374 SE2d 727)(1989).

We find no merit to Burton-Brooks' remaining enumerations. This case is reversed and remanded to the trial court for entry of an order consistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Barham, Elliott, Bennett, Miller, Stone & Cowart, P. C., W. G. Elliott*, for appellant.

*C. Gerald Spencer, Samuel D. Lassiter*, for appellee.