**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 27, 2023**

# In the Court of Appeals of Georgia

A22A1658. COBB COUNTY v. MABLE OAK DEVELOPMENT, LLC.

MCFADDEN, Presiding Judge.

Cobb County appeals from a trial court order granting a mandatory injunction to Mable Oak Development, LLC. A mandatory injunction is an injunction that directs action that could affect the rights of parties to the litigation. *Glynn County v. Waters*, 268 Ga. 500, 501 (1) (491 SE2d 370) (1997). Mable Oak asserts, and the county does not dispute, that the county has performed the acts required by that order, which has since expired. So we agree with Mable Oak that the appeal must be dismissed as moot.

1. *Procedural history.*

On May 20, 2022, Mable Oak filed a complaint for injunctive relief against Cobb County. It asserted in the complaint that it was a limited liability corporation formed for the purpose of developing land in Cobb County into a residential subdivision; that the county's board of commissioners approved its zoning application subject to conditions; and that under one such condition, Mable Oak was required to complete the construction of certain subdivision amenities no later than April 29, 2022. Mable Oak asserted that, despite its "substantial progress in completing the amenities," it could not meet the April 29 deadline due to circumstances outside of its control and that, as a result, the county "refused to issue Certificates of Occupancy to homes completed in the subdivision," jeopardizing the pending sales of those homes. Characterizing the county's position as "unreasonable and . . . tantamount to a[n] inverse condemnation of the . . . homes," Mable Oak sought a mandatory injunction requiring the county to issue certificates of occupancy on all homes that, but for the April 29 deadline, would otherwise qualify for the certificates. Mable Oak also asked the trial court to hold an emergency hearing and grant it an interlocutory injunction requiring issuance of the certificates of occupancy.

In its answer, the county admitted that it had refused to issue the certificates of occupancy but denied Mable Oak's allegations regarding some of the surrounding

2

facts and purported consequences of that refusal. The county also asserted various defenses, moved for partial judgment on the pleadings, and objected to the trial court's setting of an emergency hearing on the complaint for May 24, 2022, four days after it had been filed.

After holding the hearing as scheduled, the trial court issued an order on May 25 that pertinently provided:

> Plaintiff's Motion for Interlocutory Injunction is GRANTED, and
>
> Defendant, Cobb County, Georgia is ORDERED and DIRECTED to inspect [specified] residential homes in the . . . Subdivision . . . for the purpose of issuing Certificates of Occupancy. Defendant shall not fail to issue the Certificates of Occupancy based solely on the deadline of April 29, 2022 imposed by the Cobb County Commissioners . . . . However, Plaintiff shall install [specified amenities] by June 29, 2022 and its failure to do so will authorize Defendant to withhold permits and Certificates of Occupancy after June 29, 2022.

The county filed a notice of direct appeal to this court from the trial court's ruling, see OCGA § 5-6-34 (a) (4), and on June 1, 2022, the county moved to stay the injunction pending a direct appeal to this court. But the trial court did not rule on that motion before the injunction expired on June 29, 2022, and in its appellate brief,

Mable Oak asserts that the county performed the actions required by the order on appeal. The county does not dispute that assertion.

In its appeal, the county argued that the trial court: failed to address threshold jurisdictional issues of standing, sovereign immunity, and exhaustion of remedies before entering the injunction; improperly granted an interlocutory injunction that changed the status quo; improperly granted an interlocutory injunction without a showing that the plaintiff otherwise would suffer irreparable harm; and committed various procedural errors.

2. *Analysis.*

Mable Oak argues that this appeal is moot and must be dismissed. We agree.

(a) *The county has already performed the act ordered by the trial court.*

"[I]f the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot. To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas." *Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999) (citation and punctuation omitted). Accord *Brown v. Spann*, 271 Ga. 495, 496 (520 SE2d 909) (1999). In the case of a mandatory injunction, "[i]f a supersedeas is not obtained, then the ordered action takes place as

4

ordered, and the appeal becomes moot." *Padgett v. Cowart*, 232 Ga. 633, 634 (208 SE2d 455) (1974).

So it is here. The county was unable to obtain a supersedeas from the trial court and did not seek a supersedeas from this court. See *Padgett*, 232 Ga. at 634 ("to stop [an action] that has been ordered by the trial court, a supersedeas must be obtained from the trial court or from an appellate court in the event the trial court refuses to grant a supersedeas"). So the county issued the certificates of occupancy as required by the trial court's order. Once that occurred, any "complaint about its being erroneously ordered bec[ame] moot." *Padgett*, supra. See also *Babb v. Putnam County*, 269 Ga. App. 431 (605 SE2d 33) (2004) (where appellant "complied with the injunction [requiring him to remove a camper from his property and cease his nonapproved use of the sewer system] and he did not obtain a grant of supersedeas, [his] appeal [was] rendered moot").

Citing *Radio Webs v. Tele-Media Corp.*, 249 Ga. 598 (292 SE2d 712) (1982), the county argues that its failure to obtain a supersedeas is not dispositive, because the effect of such a failure must be decided on a case-by-case basis. In *Radio Webs*, our Supreme Court relied on its earlier decision in *Faulkner v. Ga. Power Co.*, 241 Ga. 618 (247 SE2d 80) (1978), reaffirming: "'Having recognized that the bar of

5

mootness is no longer as absolute as it once was, we deem it advisable to proceed case by case.'" Id. at 603 (2) (quoting *Faulkner*, supra at 621).

What had changed, the *Faulkner* court recognized, was "the repeal of Code Ann. § 55-110," which had prohibited mandatory permanent injunctions. *Faulkner*, 241 Ga. at 620. Consequently, *Faulkner* held that even if a superior court denies a preliminary injunction to restrain an act and that act is completed, the trial court still has the power to issue a permanent, mandatory injunction requiring the act to be undone. Id. at 620-621. Given this fact, *Faulkner* reasoned that there may be circumstances in which equity would permit an appellate court to consider the appeal even though the act sought to be restrained had been completed during the appeal's pendency, and to order the trial court to require the act to be undone. Id. at 621.

But *Faulkner* did not involve such circumstances and the Supreme Court dismissed that appeal as moot. *Faulkner*, 241 Ga. at 621. *Radio Webs*, on the other hand, did involve such circumstances. In *Radio Webs*, the trial court had denied a motion for interlocutory injunction filed by a party seeking to prevent the sale of a business in order to exercise a right of first refusal. *Radio Webs*, 249 Ga. at 598-600. The *Radio Webs* court noted that the buyer and seller had then "proceeded, with notice of plaintiff's claim, at their own risk pending review by th[at] court of the

6

denial of interlocutory relief." Id. at 604 (2). Finding that the controlling issue was a legal question of contract interpretation, on which the trial court had erred, id. at 603 (2), the *Radio Webs* court went on in a footnote to add, "The defendants concede that the case itself is not moot. Their insistence that the appeal is nevertheless moot and that this court should not decide in this appeal the controlling question of law is an effort to delay the inevitable." Id. at 604 (2), n. 7.

In other words, *Radio Webs* presented the situation anticipated by *Faulkner*: a trial court that should have, but had not, issued a preliminary injunction to restrain an act; the completion of that act; the ability of the act to be undone; and equity requiring the act to be undone. Under these circumstances, the *Radio Webs* Court held that "[j]udicial economy dictate[d] that [the Court] entertain this controlling question of law on appeal from the denial of the interlocutory injunction rather than require the same issue to arise on appeal from denial of the permanent injunction." Id.

Here, in contrast, we are faced with the same type of considerations that controlled in *Faulkner*, which led that court to dismiss the appeal as moot rather than direct the trial court to exercise its authority to issue a mandatory injunction that would require an act to be undone. In *Faulkner*, "no injunction pending appeal was sought and the act sought to be restrained [the installation of a high voltage

7

transmission line] was completed during the pendency of the appeal, at considerable expense to the defendant." *Faulkner*, 241 Ga. at 621. Although in this case the county asked the trial court for an injunction pending appeal, the county did not seek supersedeas from this court by way of an emergency motion when the trial court failed to act on its request. Consequently, certificates of occupancy were issued and the houses were sold to purchasers who are not parties to this dispute but who would likely be negatively impacted by a rescission of the certificates of occupancy for reasons unrelated to the habitability of their houses. Under these circumstances, as in *Faulkner*, equity will not require the trial court to order that the certificates of occupancy be rescinded. See id.

(b) *This appeal does not concern an issue that is capable of repetition yet evades review.*

The county also argues that this appeal is not moot because it concerns an appellate issue that is capable of repetition yet evades review. In such a case, "we do not view that issue as moot. This is true for those matters in which there is intrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers." *Birchby v. Carboy*, 311 Ga. App. 538, 540 (2) (716 SE2d 592) (2011) (citation and punctuation omitted).

It is true that the particular order in this case was of such a short duration that it would be impossible to obtain appellate review of it without also obtaining a supersedeas. But the *matters* raised in this appeal — the trial court's alleged failure to address threshold jurisdictional issues, her grant of interlocutory relief allegedly without the required showing, or her alleged commission of procedural errors — could arise in cases involving mandatory injunctions of any duration including, conceivably, a duration long enough to accommodate appellate review. Consequently, this case is distinguishable from the authorities cited by the county. See *Pate v. Sadlock*, 345 Ga. App. 591, 594-596 (1) (814 SE2d 760) (2018) (concerning the proper standard for increasing grandparents' visitation rights in a particular summer, which could arise again in connection with future summers but evade review because of the timing of the appellate process); *White v. Raines*, 331 Ga. App. 853, 854 n. 1 (771 SE2d 507) (2015) (physical precedent only) (concerning a trial court's authority to extend an ex parte temporary restraining order in a stalking case, an issue that may arise in other such cases and was likely to evade review "given the short duration of stalking protection orders"); *Elgin v. Swann*, 315 Ga. App. 809, 809-810 (1) (728 SE2d 328) (2012) (concerning the sufficiency of evidence supporting a stalking protective order, which is limited by statute to a duration of 12 months).

9

Moreover, a party subject to a mandatory injunction could seek a supersedeas to permit appellate review of its claims. Although "an application for such relief ordinarily ought to be directed in the first instance to the trial court," *Green Bull Ga. Partners v. Register*, 301 Ga. 472, 473 (801 SE2d 843) (2017), this court is also empowered to grant a supersedeas to prevent a contested issue from becoming moot and may do so in response to an emergency motion demonstrating the necessity of such an order. Court of Appeals Rule 40 (b). The county did not obtain a supersedeas in this case. But we are not persuaded that similarly situated parties in other cases would be unable to obtain a supersedeas, from either the trial court or this court, to permit appellate review of the type of significant infirmities that the county alleges (such as the trial court's lack of jurisdiction). For that reason, the county has not shown that the issues in this case are capable of repetition yet evade review.

(c) *We decline to consider this appeal on the ground that it presents an issue of significant public concern.*

Finally, the county argues that despite its mootness, we may and should consider this appeal because it presents an issue of significant public concern, namely whether the trial court usurped the county board of commissioners' exclusive authority to zone property and enforce its police powers.

10

As our Supreme Court recognized in *Hopkins v. Hamby Corp.*, 273 Ga. 19 (538 SE2d 37) (2000), "[o]ther states have adopted a rule that permits them to decide an appeal in a moot case where the case contains an issue of significant public concern or an issue that might avert future litigation." But our Supreme Court "has yet to expressly endorse the public policy rationale *alone* as a basis for considering an otherwise moot issue." *McAlister v. Clifton*, 313 Ga. 737, 741 (1) n. 8 (873 SE2d 178) (2022) (emphasis in original). Moreover one of the criteria set out in the foreign authority discussed in *Hopkins* is a requirement that "the same difficulty that prevented the appeal from being heard in time is likely to again prevent a decision." *Hopkins*, supra. For the same reasons discussed above in Division 2 (b), the county "has failed to show that the challenge presented satisfies [that] criteria. . . ." *McAlister*, supra at 741 (1).

*Appeal dismissed as moot. Gobeil and Land, JJ., concur.*