SCOTT *v.* THE STATE.

BECK, Presiding Justice. 1. Where the defendant was tried on February 14, 1935, and a verdict finding him guilty was returned on February 22, 1935, and a motion for new trial was filed on the following day and was set for a hearing on a specified day subsequent to the date of the trial, but when reached on the day of hearing no approved brief of the evidence was filed, and the brief which was tendered was objected to on the ground that it was incomplete and incorrect, and, evidence being introduced on the issue as to whether or not it was correct, the judge found that it was not correct and certified that because of the

lapse of time since the trial he was unable to point out wherein it was incorrect, the appellate court will not reverse the judgment refusing to approve the motion for new trial.

2. After his motion for a new trial was dismissed, the movant filed his final bill of exceptions on September 3, 1935, which was more than six months after the trial during which exceptions pendente lite were taken. This being true, the Court of Appeals, after properly holding that the judge below did not err in dismissing the motion for new trial, should then have affirmed the judgment, under the ruling in *Reed* v. *Warnock*, 146 *Ga.* 483 (2) (91 S. E. 545). The judgment of the Court of Appeals is           *Affirmed. All the Justices concur.*

No. 11401. FEBRUARY 12, 1937. REHEARING DENIED MARCH 22, 1937.

*J. K. Jordan,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *E. A. Stephens,* contra.