28881. PADGETT et al. v. COWART et al.

GUNTER, Justice.

This appeal involves a dispute between two factions of a Baptist Church congregation. It is an interlocutory appeal; the record shows that no final judgment has been entered in the case; and there is no certificate for immediate review in the record.

The appellants here were defendants below, and the appellees brought an action against them seeking injunctive relief. The appellants made a motion to dismiss the complaint for failure to state a claim. This motion was denied by the trial judge. The trial judge then conducted a hearing, and following the hearing he entered an order on August 17, 1973, that appointed a moderator to conduct a church conference on September 15, 1973.

The appellants filed a notice of appeal on September 13, 1973, two days prior to the holding of the conference.

The conference was held on September 15, 1973, and the record contains a transcript of its proceedings.

The appellees have made a motion in this court to dismiss the appeal on the ground that the August 17 judgment was not, without a certificate for immediate review, an appealable judgment. We agree with the appellees, and the motion to dismiss the appeal must be granted.

Appellants have enumerated only two alleged errors below. The first is that the trial court committed error in denying the appellants' motion to dismiss the complaint for failure to state a claim. The overruling of this motion left the action pending in the trial court for further proceedings. Therefore, an order denying such a motion is not appealable. See Code Ann. § 6-701 (a) 1, 2.

The second enumerated error is that the trial court erred in ordering a church conference to be conducted on September 15, 1973. Such an order is appealable, because it requires action, the holding of a church conference, that can affect the rights of parties to the litigation. Such an order is in the nature of an interlocutory mandatory injunction which is appealable under Code Ann. § 6-701 (a) 3.

However, to prevent such an appeal from becoming moot, it is necessary for the appealing party to obtain a supersedeas. If a supersedeas is not obtained, then the ordered action takes place as ordered, and the appeal becomes moot.

The Civil Practice Act (Code Ann. § 81A-162) provides that an interlocutory injunction shall not be stayed during the pendency of an appeal unless a stay is ordered by the court. Therefore, to stop the holding of a meeting or a conference that has been ordered by the trial court, a supersedeas must be obtained from the trial court or from an appellate court in the event the trial court refuses to grant a supersedeas. Without such a supersedeas, the meeting or conference must be conducted as ordered. And once the ordered meeting or conference is held, complaint about its being erroneously ordered becomes moot.

The second enumerated error merely complains that the court erred in ordering a conference to be held; a stay

was not obtained to prevent the holding of the conference; and the record shows that the conference was held as scheduled. Therefore, the appeal on this point is now moot.

In this case the first enumerated error presents an attempted appeal from a non-appealable judgment, and the second enumerated error presents a question that has become moot. See Code Ann. § 6-809 (b) (2) (3).

*Appeal dismissed. All the Justices concur.*

SUBMITTED MAY 10, 1974 — DECIDED SEPTEMBER 3, 1974.

*C. Ronald Patton,* for appellants.
*Al D. Tull,* for appellees.