## 61997. THE STATE v. DAVIS.

SHULMAN, Presiding Judge.

This interlocutory appeal arises out of the criminal prosecution of Gary Davis, a Department of Natural Resources ranger who was charged with the aggravated assault of a hunter who Davis suspected of violating hunting regulations. After reviewing the case, the district attorney concluded that there was insufficient evidence to support a guilty verdict and moved the trial court to enter a nolle prosequi,

which motion was denied. Subsequent to the statement of the district attorney's office that it did not intend to call the case for trial, the trial court granted the motion of the victim of the alleged aggravated assault to disqualify the district attorney and his staff from further involvement in the case and to appoint a district attorney pro tempore to prosecute the case. A motion by the state to reopen the matter of the disqualification of the district attorney and to conduct an evidentiary hearing thereon was denied, as was a motion that the trial judge recuse himself from further consideration of the disqualification matter. The state appeals from the denial of its motions to nol-pros, to reopen, and to recuse, and from the grant of the victim's motion to disqualify the district attorney and to appoint a special prosecutor.

1. "After an examination of the case in open court, and before it has been submitted to the jury, the district attorney may enter a nolle prosequi with the consent of the court ... " Code Ann. § 27-1801. The state contends that the trial court abused its discretion when it denied the motion to nol-pros in spite of "substantial reasons" supporting the state's motion.

A nolle prosequi cannot be entered without the consent of the trial court, since such consent is conclusive upon the validity of the nol-pros. *Lascelles v. State,* 90 Ga. 347, 372 (16 SE 945); *Statham v. State,* 41 Ga. 507 (1). It is the duty of the district attorney to determine whether it is in the public interest to recommend to the court that a case be nol-prossed. *Williams v. State,* 126 Ga. App. 302 (1) (190 SE2d 807). When a recommendation is made that an indictment be nol-prossed, it is within the discretion of the trial court whether to follow the recommendation. *Edwards v. State,* 121 Ga. 590 (1) (49 SE 674). Based upon the record before us, we cannot say that the trial court abused its discretion when it refused to consent to the entry of a nolle prosequi.

2. After refusing to allow the entry of a nol-pros, the trial court disqualified the district attorney and his staff from the case and appointed a district attorney pro tem to prosecute the defendant. "When a district attorney is absent or indisposed, or disqualified from interest or relationship to engage in a prosecution, the presiding judge shall appoint a competent attorney of the circuit to act in his place ... " Code Ann. § 24-2913. The district attorney was not absent, indisposed, or barred from prosecuting the defendant due to a relationship; furthermore, "[f]rom the authorities it seems that the phrase ' disqualified from interest' ... means a 'personal interest,' and that a [district attorney] is not disqualified by personal interest in a case where he 'was not acting in his personal or individual character, or for his personal or individual interest, but in his character as an

officer of the law specially charged by statute to perform this particular duty.' [Cits.]" *Scott v. State,* 53 Ga. App. 61, 68 (185 SE 131). The district attorney's intent not to call the case, in and of itself, is not sufficient to constitute an "interest" under *Scott,* supra. Since there was no showing that the district attorney had an "interest" in the prosecution of this case, the trial court erred when it disqualified the district attorney and his staff and appointed a district attorney pro tempore, and when it denied appellant's motion to re-open the matter of the disqualification and conduct a hearing thereon.

3. As noted earlier, the trial judge denied a motion that he recuse himself from further consideration of the matter of the disqualification of the district attorney and his staff. ". . . [W]hen a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." *State v. Fleming,* 245 Ga. 700, 702 (267 SE2d 207). In the present case, the stated ground for the motion to recuse was that the trial judge, by his actions and written and oral statements, had expressed an unfavorable opinion as to the qualifications of the elected district attorney. " 'Under Canon 3 C. (1) (a) of [the Georgia Code of Judicial Conduct], a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he has a *personal bias or prejudice concerning a party. . .* Consequently, where bias or prejudice of a judge has been shown concerning a party, it is error for the judge to hear and decide the case.' [Cit.]" *Mann v. State,* 154 Ga. App. 677 (1) (269 SE2d 863). When the affidavit in support of the motion to recuse alleges that the trial judge took actions *in the pending case* evidencing his bias or prejudice against a party's attorney, judicial prejudice against counsel would vicariously result in judicial prejudice against the represented party. Id., pp. 678-679. Under such circumstances, Canon 3 C. (1) (a) and the *State v. Fleming* requirement that the presiding judge recuse himself from consideration of the motion to recuse come into play. Thus, the trial judge erred when he denied the motion to recuse himself. We imply no impropriety on the part of an exemplary trial judge, but we determine that, when the question of interest or prejudice has properly been raised, it would better serve the interests of justice for the judge to recuse himself and permit another judge to determine the issue. The fact that his impartiality "might reasonably be questioned" suffices for his disqualification. *King v. State,* 246 Ga. 386, 390 (271 SE2d

630).

*Judgment affirmed in part and reversed in part. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 14, 1981.

*Rafe Banks III, District Attorney, Arthur K. Bolton, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, William Davis Hewitt, Assistant Attorney General, John C. Walden, Senior Assistant Attorney General,* for appellant.

*R. K. Ballew, Elliott Baker,* for appellee.