40391, 40392. F. O. THACKER CONTRACTING COMPANY v. C. W. MATTHEWS CONTRACTING COMPANY, INC. et al. (two cases).

MARSHALL, Presiding Justice.

As the lowest bidder, C. W. Matthews Contracting Company, Inc., and Ballenger Corporation (a joint venture referred to hereinafter as Matthews/Ballenger) was awarded the bid for construction of the fourth runway at the Atlanta-Hartsfield International Airport by the City of Atlanta. The contract between Atlanta and Matthews/Ballenger required a certain percentage of the work to be subcontracted to Minority Business Enterprises (referred to hereinafter as MBEs).

Two of Matthews/Ballenger's proposed MBEs were rejected by the city's office of contract compliance, but substitute MBEs were later approved. However, at the behest of F. O. Thacker Contracting Company (referred to hereinafter as Thacker) the contract compliance hearing officer entered an order permanently staying the city from executing the contract with Matthews/Ballenger, and requiring the city to solicit new bids. Thacker is an MBE subcontractor proposed by J. F. Barton Contracting Company, which was the fourth lowest bidder for the runway project.

However, the Fulton Superior Court later entered a temporary restraining order enjoining the city from complying with the hearing officer's stay. Subsequently, the Mayor of Atlanta executed the contract with Matthews/Ballenger, and the work began. After more hearings, the temporary restraining order was converted into an interlocutory injunction. Thacker now appeals entry of the interlocutory injunction to this court. *Held:*

Since a supersedeas of the superior court's order was not obtained, the contract has been executed and the project substantially completed. Therefore, this appeal must be dismissed as moot. See *Padgett v. Cowart,* 232 Ga. 633 (208 SE2d 455) (1974); H. K. Porter Co. v. Metropolitan Dade County, 650 F2d 778 (5th Cir. 1981); V. S. DiCarlo General Contractors, Inc. v. Kansas City Area Transp. Auth., 564 SW2d 588 (Mo. App. 1978). Of course, the findings of the trial judge in the interlocutory order are not conclusive between the parties on any final trial. *Carter v. Puckett,* 237 Ga. 494

(228 SE2d 878) (1976).
*Appeal dismissed. All the Justices concur.*

DECIDED JANUARY 5, 1984.

*Vaughan, Phears & Murphy, H. Wayne Phears, Charles C. Murphy, Danny R. Musick,* for appellant.
*Smith & Fleming, Robert O. Fleming, Jr., Kent P. Smith, Marva Jones Brooks, Gary S. Walker,* for appellees.