### 76097. THE STATE v. EVANS.
### 76098. THE STATE v. MITCHELL.
(371 SE2d 432)

POPE, Judge.

Defendants were charged in separate multi-count accusations with various misdemeanor offenses in the State Court of Coffee County. State Court Judge T. V. Williams, Jr. voluntarily recused himself from trying the charges and made a written request for assistance to the Chief Judge of the Waycross Judicial Circuit. Since the recusing judge was the sole judge of the Coffee County State Court, said request was proper pursuant to OCGA § 15-1-9.1 and Rule 25.3 of the Uniform State Court Rules. The written request recommended the appointment of Judge Brooks E. Blitch of the Alapaha Circuit, who had already indicated his willingness and availability to assist in the trial of these cases. However, the record contains no written request from the Chief Judge of the Waycross Judicial Circuit to the Chief Judge of the Alapaha Circuit requesting the assistance of a designated judge as authorized by OCGA § 15-1-9.1 (b). The record contains no indication that Judge Blitch was formally designated by the court receiving the request to preside at the trial, pursuant to OCGA § 15-1-9.1 (e). Defendants filed motions to disqualify the Solicitor of Coffee County from prosecuting the cases. At the hearing on said motions Judge Blitch indicated he made his appearance to preside over the trial of these cases in response to the direct request of the voluntarily disqualified state court judge. After a hearing on the motions,

Judge Blitch issued an order declaring that the parties stipulated him to be qualified as presiding judge. The order went on to disqualify the solicitor from prosecuting the cases and to appoint a special solicitor pro tempore. The state takes exception to the process by which Judge Blitch was appointed to preside over these cases, as well as the order disqualifying the solicitor and appointing a solicitor pro tempore.

1. Earlier this court dismissed the state's application for interlocutory appeal for failure to obtain a certificate of immediate review from the trial court. The dissenting opinion would also dismiss the state's direct appeal on the ground the order was not directly appealable pursuant to OCGA § 5-7-1. However, the appointment of a designated judge to try a criminal case and the disqualification of the solicitor to prosecute the case are matters of court administration and not matters which should be governed by Chapter 7 of Title 5 of the Official Code of Georgia, addressing the procedure by which the state may appeal orders in criminal cases. The procedure for appointing a designated judge to replace a judge who has been disqualified is the same in civil or criminal matters. An appeal from such an appointment should not be governed by rules which apply only to criminal matters. Moreover, the state's ground for appealing this appointment is that the recused state court judge was without authority to select a designated judge. See Rule 25.5 of the Uniform State Court Rules. A disqualified judge can take no judicial action in the case and any attempt at such action is a mere nullity. *Garland v. State of Ga.*, 110 Ga. App. 756 (140 SE2d 46) (1964). An appeal of an illegal or null order will not be dismissed but the void judgment will be reversed. *Darden v. Ravan*, 232 Ga. 756 (1) (208 SE2d 846) (1974). Therefore, the direct appeal of the appointment of the designated judge was proper.

The order disqualifying the solicitor and appointing a special prosecutor is also directly appealable. An order requiring action which is enforceable by a contempt action against the individual so ordered "is in the nature of an interlocutory mandatory injunction which is appealable under [OCGA § 5-6-34 (a) (4)]." *Padgett v. Cowart*, 232 Ga. 633, 634 (208 SE2d 455) (1974).

Having concluded the state's appeal should not be dismissed, we nevertheless uphold the order of the specially appointed judge. It is true the recused state court judge was without authority to select his own replacement. See Rule 25.3 of the Uniform State Court Rules. By statute, the chief judge of the requesting circuit should have made a written request to the chief judge of the circuit receiving the request who, in turn, should have designated the replacement judge. OCGA § 15-1-9.1. However, the record shows the defendants waived any objection to the appointed judge sitting as trial judge in this case. The county solicitor, who was subsequently disqualified, made conflicting

statements at the hearing regarding whether he objected to the appointment of the judge. In answer to a direct question concerning whether he objected to the appointed judge's trying the case, the solicitor answered, "No." Later in the proceedings, he indicated the state did not waive its objection to the appointment. Thus, whether the state in fact waived its objection to said judge became a factual matter at issue in this case and was rightfully an issue for the trial judge to decide. Under the facts and circumstances of this case, we find no error in the trial court's finding that the parties stipulated to the qualification of the specially appointed judge to preside over the trial of this case.

2. The state waived its right to object to the timing or manner in which the motion to disqualify the solicitor was brought by failing to object to the motion at the time it was heard.

3. Finally, the state challenges the trial court's finding that the state court solicitor was disqualified from prosecuting the cases by reason of conflict of interest and personal animosity against defendants. While there is no specific statutory provision for disqualifying a state court solicitor and appointing a substitute to prosecute in his place, it is instructive to look to the statutory rules applying to district attorneys. Cf. OCGA § 15-7-24 (a) (wherein the solicitors of the state courts are required to take the same oath of office which the district attorneys of the superior courts must take). According to OCGA § 15-18-5 (a), a district attorney may be disqualified from his interest in the case. The record in this case indicates one of the defendants had opposed the solicitor in the political race for that office and the other defendant had assisted in the campaign. The solicitor had discussed with the state court judge to whom the case was originally assigned the possible appearance of impropriety of his prosecuting the case. The facts of this case would not appear to require the disqualification of the solicitor. See *Scott v. State*, 53 Ga. App. 61 (185 SE 131) (1936), aff'd 184 Ga. 164 (190 SE 582) (1937). However, the propriety of appointing a substitute prosecutor in such a situation is within the discretion of the trial court and the appellate courts will not interfere where, as here, the court's discretion was not abused. *Statham v. State*, 41 Ga. 507 (2) (1871); *Mach v. State*, 109 Ga. App. 154 (1c) (135 SE2d 467) (1964).

*Judgments affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Carley, Sognier, Benham and Beasley, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as the orders which are the subject of these appeals are not final and are therefore not matters which can be pursued by direct appeal on behalf of the State. OCGA § 5-7-1. Contrary

to the majority opinion, I see no reason to make an exception to the finality requirement for direct appeals in these criminal cases as the disqualification orders have no bearing upon the rights of the defendants. (See 5 ALR4 1252 for discussion on the appealability of a state court's order granting or denying motion to disqualify attorney. Compare my dissent in *Hargrove v. Phillips*, 186 Ga. App. 525 (368 SE2d 123). In that case, an attorney was disqualified in a civil matter where the rights of the client were directly affected.) Further, there is no indication that the State's interests have been impaired as a result of the disqualification orders. In this regard, I see no evidence that the solicitor pro tempore (who was appointed to prosecute the cases) was not qualified to proceed on behalf of the State. Moreover, the record indicates that these collateral matters may be moot and the opinion of the majority merely advisory because of final dispositions in the underlying prosecutions.

In any event, the proper procedure for review was by application for immediate review pursuant to OCGA § 5-7-2. See *State v. Davis*, 159 Ga. App. 537 (284 SE2d 51). Accordingly, I would dismiss these appeals since the applications for immediate review were denied by this court on August 18, 1987, for failure to obtain certificates of immediate review from the trial court.

DECIDED JUNE 23, 1988 — 

*Dewey Hayes, Jr.*, pro se.
*Robert B. Sumner*, for appellees.