937 So.2d 462 (2006)
Henry C. PAYTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00566-COA.
Court of Appeals of Mississippi.
January 17, 2006.
Rehearing Denied June 6, 2006.
*463 Imhotep Alkebu-Lan, Chokwe Lumumba, Jackson, attorneys for appellant.
Office of the Attorney General by Scott Stuart.
Before KING, C.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Henry C. Payton, on retrial, was convicted of armed robbery and arson on September 7, 2001. The Mississippi Supreme Court affirmed both convictions and the sentence as to arson, but reversed the sentence as to armed robbery and remanded the case for resentencing as to that count. From this resentencing, Payton appeals, arguing that the judge who resentenced him should have remained recused for all purposes in the case. We agree and remand to the Circuit Court of Leake County for resentencing by a special judge appointed by the supreme court.

STATEMENT OF FACTS
¶ 2. The events giving rise to this case occurred on September 29, 1995, when a group of men, including Payton, robbed a bank, burned a nearby commercial building to divert attention from the bank, and allegedly kidnapped the president of the bank. The specific facts of the incident are of no relevance here, and can be found in detail at Payton v. State, 897 So.2d 921, 929-31 (¶¶ 2-4) (Miss.2003).
¶ 3. Payton was arrested and found guilty on the charges of armed robbery, kidnapping, and second-degree arson. The court imposed two life sentences to run consecutively for the charges of armed robbery and kidnapping, and a five-year sentence on the arson charge. Payton appealed his conviction, which was upheld by this Court, but overturned by the Mississippi Supreme Court. The supreme court ruled that the trial court erred in refusing to sever Payton's trial from that of a co-defendant, and that the prosecutor used an improper "send a message" closing argument. See Payton v. State, 785 So.2d 267 (Miss.1999).
¶ 4. Payton was retried and found guilty of armed robbery and arson on September 7, 2001. Following the denial of Payton's motion for a new trial, Chokwe Lumumba, counsel for Payton, improvidently engaged in an unprofessional confrontation with the trial court judge, the Honorable Marcus Gordon. As a result, Lumumba was cited for two counts of contempt and was later disciplined by the Mississippi Supreme Court.[1] Following the unfortunate exchange, circuit judges Marcus Gordon and Vernon Cotten entered an order of recusal, dated February 13, 2002.[2] The order requested *464 that the supreme court appoint a special judge to hear all motions related to the case. On February 22, 2002, the supreme court issued an order pursuant to Mississippi Code Annotated section 9-1-105[3] appointing the Honorable Elzy Smith as special judge "to preside and conduct proceedings" in Payton's case.
¶ 5. In Payton v. State, 897 So.2d 921 (Miss.2003), the supreme court affirmed Payton's convictions for arson and armed robbery, and sentence for arson, but remanded for resentencing on the armed robbery conviction. The supreme court found that the trial court judge had improperly sentenced Payton to thirty-eight years for armed robbery because the judge had used the incorrect life expectancy in sentencing Payton.[4] Upon receiving notice of the supreme court's decision, Judge Gordon issued an order on December 11, 2003, setting Payton's resentencing for January 13, 2004. Payton responded by filing a motion requesting that Judge Gordon recuse himself from the resentencing. Judge Gordon denied the motion, presided over the resentencing, and sentenced Payton to twenty-five years on the armed robbery conviction. Payton appealed.

STANDARD OF REVIEW
¶ 6. "When a judge is not disqualified under the constitutional or statutory provisions, the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion." Payton, 897 So.2d at 943(¶ 73) (citing Taylor v. State, 789 So.2d 787, 797(¶ 43) (Miss.2001); Buchanan v. Buchanan, 587 So.2d 892, 895 (Miss.1991)).

ISSUE AND ANALYSIS
¶ 7. Payton argues on appeal that the trial judge committed manifest error by denying Payton's motion to recuse and by presiding over his resentencing, when the judge had previously entered an order of recusal, and the supreme court had issued an order appointing a special judge to preside and conduct proceedings in Payton's case. The State counters that, because the supreme court found in Payton v. State, 897 So.2d 921 (Miss.2003), that Judge Gordon's personal feelings toward Payton's counsel had not improperly influenced his trial decisions, it was proper for Judge Gordon to deny Payton's motion and preside over Payton's resentencing. Under the facts of this case, we find that Judge Gordon had no authority to resentence Payton.
¶ 8. This case presents an unusual issue, that is, whether a judge who has previously recused himself from all motions on a case may later preside over resentencing the defendant on remand. The standard test for recusal is that the judge must recuse himself "if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." McGee v. State, 820 So.2d 700, 711(¶ 33) (Miss.Ct.App.2000) (quoting Mississippi Code of Judicial Conduct Canon 3 (1995)). A presumption exists that the judge is qualified and unbiased; in order *465 to overcome this presumption, the evidence must produce a reasonable doubt about the validity of the presumption. Green v. State, 631 So.2d 167, 177 (Miss. 1994).
¶ 9. While the supreme court in Payton v. State, 897 So.2d 921 (Miss.2003), found that the personal feelings of Judge Gordon did not improperly influence his trial decisions, we note that the disruptive conduct of Payton's counsel did not occur until the trial had been concluded and Payton's motion for a new trial had been denied. Thus, the supreme court was not called upon to decide whether Judge Gordon's feelings had influenced his decisions on matters which arose in Payton's case after the exchange occurred. We find in this case that the fact that Judge Gordon has previously recused himself requires that he remain recused from all proceedings in the instant case.
¶ 10. Mississippi case law has yet to address the issue of whether a recused judge may continue to act in the case from which he has been recused. However, the federal rule is well-settled: "[A] trial judge who has recused himself should take no other action in the case except the necessary ministerial acts to have the case transferred to another judge." Doddy v. Oxy USA, Inc., 101 F.3d 448, 457 (5th Cir.1996); El Fenix de Puerto Rico v. The M/Y Johanny, 36 F.3d 136, 141 (1st Cir. 1994) (quoting 13A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3550 (2d ed.1984)). The decisions of state courts mirror the federal rule. See, e.g., Bolt v. Smith, 594 So.2d 864, 864 (Fla.Ct.App.1992) ("Florida case law is well settled that once a trial judge has recused himself, further orders of the recused judge are void and have no effect"); State v. Evans, 187 Ga.App. 649, 371 S.E.2d 432, 433 (1988) ("A disqualified judge can take no judicial action in the case and any attempt at such action is a mere nullity"), overruled on other grounds by State v. Smith, 268 Ga. 75, 485 S.E.2d 491 (1997); Ferguson v. Pony Express Courier Corp., 898 S.W.2d 128, 130 (Mo.Ct. App.1995) ("It is true that a judge who disqualifies himself or who has been disqualified by one of the parties has no further right to hear a case"); Pueblo of Laguna v. Cillessen & Son, Inc., 101 N.M. 341, 682 P.2d 197, 199 (1984) ("Since the district court was properly disqualified, it had power only to perform mere formal acts subsequent to the disqualification. After the affidavit of disqualification was filed, the judge had no jurisdiction to act in matters involving the exercise of his discretion. Its subsequent consolidation order was therefore without legal effect"); State v. Nossaman, 63 Or.App. 789, 666 P.2d 1351, 1355 (1983) ("A judgment entered by a judge who has been disqualified in the manner prescribed in the statute is void"), abrogated on other grounds by Matter of Marriage of Benson, 141 Or. App. 458, 919 P.2d 496 (1996); McElwee v. McElwee, 911 S.W.2d 182, 186 (Tex.Ct. App.1995) ("If a judge is disqualified under the Texas Constitution, he is without jurisdiction to hear the case, and therefore, any judgment he renders is void and a nullity"). The State has cited to us no authority which contradicts the proposition that, once recused, a judge should take no further action in the case.
¶ 11. In addition to the above-cited cases, secondary authority supports our position that it was an abuse of discretion for Judge Gordon to re-insert himself into Payton's case:
A judge who has disqualified himself or herself from a case may not reinstate himself or herself to the case without first setting aside or otherwise revoking the prior order of disqualification. If a judge attempts to rescind his action disqualifying *466 himself or herself, it must affirmatively appear that there are valid grounds, such as error or mistake, for such reinstatement. In the absence of such an affirmative showing of valid grounds, the judge may not on his or her own motion revoke or set aside the disqualification. . . . Furthermore, because a presumption arises, by reason of the judge's prior order of disqualification, of the existence of the factual reason for such disqualification . . . it is not sufficient for the judge to enter an order merely saying that he or she is not disqualified; the record should clearly reveal the facts upon which the revocation is made.
46 AM.JUR.2D Judges § 234 (1994). It is thus evident that while there is a general presumption that a judge is qualified and unbiased, once a judge recuses himself from a case, the burden shifts to the judge to show affirmatively a valid reason to set aside the disqualification.
¶ 12. Based on these authorities, we hold that, because Judge Gordon previously recused himself from this case, he was without power to resentence Payton. A presumption arose by virtue of the order of recusal that sufficient facts existed for the disqualification. Judge Gordon, by recusing himself, implicitly recognized that "a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." See Taylor, 789 So.2d at 797. None of the facts recited in the order of recusal have changed. Judge Gordon's order of recusal has not been rescinded and is still in effect. Even had Judge Gordon rescinded his order of recusal, he has not met his burden of showing adequate grounds justifying reinstatement.
¶ 13. While the supreme court stated in Lumumba that it had "reversed and remanded Payton's case to the trial court and Judge Gordon," Lumumba, 912 So.2d at 882(¶ 23), this is not completely accurate. With all respect to the supreme court, the remand in Payton was to the Leake County Circuit Court, not specifically to Judge Gordon. There is no indication that, in stating that the case had been remanded to Judge Gordon, the supreme court took into consideration the fact that Judge Gordon had recused himself in Payton's case. Thus, it appears upon remand that the case should have been assigned to a special judge appointed for resentencing.
¶ 14. For these reasons, the judgment entered by Judge Gordon sentencing Payton to twenty-five years in the custody of the Mississippi Department of Corrections is void. We reverse and remand for resentencing by a special judge to be appointed by the Mississippi Supreme Court.
¶ 15. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR RESENTENCING AS TO COUNT I CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., NOT PARTICIPATING.
NOTES
[1] See The Mississippi Bar v. Lumumba, 912 So.2d 871 (Miss.2005).
[2] The order of recusal stated:

It appearing that Judges Marcus Gordon and Vernon Cotten have had unpleasant experiences with Attorney Chokwe Lumumba and have adjudicated his conduct to be contemptuous, disrespectful, and disorderly, and, as a result of such conduct, have adjudicated the attorney to be in contempt of Court, and, it now appearing there are motions that have been filed in the captioned cause and that both Judges should recuse themselves from hearing said motions.. . .
[3] Miss.Code Ann. section 9-1-105 provides that "[w]henever any judicial officer is unwilling or unable to hear a case . . . the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, may appoint a person as a special judge to hear the case. . . ."
[4] The trial judge had determined Payton's life expectancy to be 39.6 years, however, on appeal, the State conceded that "the life expectancy for a forty-three year old black male is 30.6 years." Payton, 897 So.2d at 951 (¶ 115).