ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. This appeal stems from the Chancery Court of Harrison County’s denial of William Covington’s motions to change custody and to reduce his obligations to pay child support and alimony to his ex-wife, Carol Montgomery. Rule 4 of the Mississippi Rules of Appellate Procedure provides that, absent a valid extension granted by the trial court, a notice of appeal must be filed within thirty days of a trial court’s final judgment. Covington secured an extension and filed his notice of appeal more than thirty days after the final judgment was entered. However, the chancellor who granted the extension had earlier recused himself from the case and no longer had authority to act. Therefore, we must dismiss Covington’s appeal as this Court does not have jurisdiction to hear it.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Covington and Montgomery separated in December 2002, and they were granted a divorce based upon irreconcilable differences in January 2005. Montgomery was awarded primary physical custody of their minor son, Ryan Coving-ton. On December 4, 2007, Covington filed an ex parte application for emergency relief and appointment of a guardian ad litem, as well as a petition for custody modification, in the Chancery Court of Harrison County. Covington requested temporary physical custody of Ryan based upon allegations of neglect and physical and mental abuse. Specifically, Covington alleged, among other things, that Kenny Myers, Montgomery’s boyfriend at the time, had choked Ryan. Temporary custody was granted to Covington. But on January 29, 2008, following a hearing on the matter, custody of Ryan was returned to Montgomery pending a hearing on Cov-ington’s petition for custody modification. Subsequently, because Covington was a practicing attorney in the county, all four chancellors in Harrison County, which included Chancellors Jim Persons, Margaret Alfonso, Sanford Steekler, and Carter Bise, filed an order sua sponte recusing themselves from the case and requested the supreme court to appoint a special chancellor to hear the matter. The order was filed on February 29, 2008. The supreme court filed an order appointing Chancellor Franklin C. McKenzie as a special chancellor to preside over the hearing on March 6, 2008. Montgomery filed a motion for contempt alleging that Coving-ton was not in compliance with the conditions of the judgment of divorce. In his response, Covington also requested a
 
 *1195
 
 downward modification of child-support and alimony obligations.
 

 ¶ 3. The hearing on Covington’s petition for custody modification was held on October 30-31, 2008, before the special chancellor. At the conclusion of all testimony, the special chancellor reviewed Covington’s claims and denied Covington’s request for a change in custody. In the written final judgment, after discussing his findings regarding Covington’s request for a change in custody, the special chancellor also denied Covington’s request for a modification of child support and alimony. The final judgment was filed on March 9, 2009. On the deadline to file his notice of appeal, April 8, 2009, Covington filed an application for a thirty-day extension of time to file his notice of appeal. The application was granted that same day without notice to Montgomery. However, it was not signed by Special Chancellor McKenzie, but rather Chancellor Carter Bise, who previously had recused himself from the case. Montgomery filed a motion to strike the order granting an extension claiming that Chancellor Bise had no authority to grant such a request given his recusal and Chancellor McKenzie’s appointment over the case. However, Montgomery’s motion was not ruled upon prior to Covington filing his notice of appeal. The notice of appeal was filed on May 7, 2009.
 

 DISCUSSION
 

 JURISDICTION
 

 ¶ 4. The deciding issue in this case is one that was not raised by either party. That is, whether this Court has jurisdiction to consider the merits of Cov-ington’s appeal. We have an independent duty to examine the issue of our own jurisdiction to hear a particular matter.
 
 [1]
 
 Rule 4(a) of the Mississippi Rule of Appellate Procedure requires that a notice of appeal shall be filed within thirty days of the filing of the judgment appealed from. However, a thirty-day extension may be granted for good cause.
 
 [2]
 
 The record shows that Covington secured an extension and filed his notice of appeal within the extended deadline. However, the order granting him an extension had no effect as Chancellor Bise had recused himself from the case and had no authority to grant an extension.
 
 Payton v. State,
 
 937 So.2d 462, 466 (¶ 12) (Miss.Ct.App.2006).
 

 ¶ 5. Furthermore, “the duration of a special judge’s appointment will be determined by the order of appointment.”
 
 [3]
 
 The order from the supreme court appointed Special Chancellor McKenzie “to preside and conduct proceedings in the above referenced case ...” and listed the docket number of the case. Nothing in the supreme court’s order indicated that Special Chancellor McKenzie’s exclusive authority to preside over the case was relinquished prior to the chancery court losing jurisdiction over the matter, i.e. when a notice of appeal was filed. By logical extension, if Special Chancellor McKenzie did not lose authority to rule on matters in Covington’s case, then none of the chancellors who had recused themselves from the case regained such authority. As such, the order granting Coving-ton an extension to file his notice of appeal, which was signed by a previously recused chancellor, had no legal effect. Therefore, when Covington filed his notice of appeal on May 7, 2009, the time allowed by Rule
 
 *1196
 
 4(a) had already elapsed as the deadline to file the notice of appeal was April 8, 2009. Because Covington failed to timely file his notice of appeal, this Court is without jurisdiction to hear the appeal.
 
 [4]
 

 ¶ 6. Covington’s appeal is dismissed.
 

 ¶ 7. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 .
 
 Phelps v. Phelps,
 
 937 So.2d 974, 977 (¶ 8) (Miss.Ct.App.2006).
 

 [2]
 

 . M.R.A.P. 4(g).
 

 [3]
 

 .Barton v. Barton,
 
 726 So.2d 163, 166 (¶ 14) (Miss.1998).
 

 [4]
 

 .
 
 Rigdon v. Miss. Farm Bureau Fed'n,
 
 22 So.3d 321, 324 (¶ 5) (Miss.Ct.App.2009).